[S. F. No. 5505. In Bank.—March 21, 1910.]

## CHRISTENSON LUMBER CO. (a Corporation), Petitioner, v. JAMES M. SEAWELL, Judge of the Superior Court of the City and County of San Francisco etc., Respondent.

APPEAL — NEW METHOD — JUDGMENT-ROLL — CERTIFYING TRANSCRIPT— CONSTRUCTION OF STATUTE—MANDAMUS TO JUDGE.—Where an appeal is taken by the new method prescribed in sections 953a, 953b, and 953c of the Code of Civil Procedure, and the transcript on appeal presented to the judge for certification consisted merely of the judgment-roll in the action, the judge correctly construed the statute as not applying to a transcript which the clerk may certify, and *mandamus* will not lie to compel the judge to certify the same.

ID.—DUTY OF JUDGE AS TO CERTIFICATION—STENOGRAPHIC NOTES OF TRIAL.—What a judge is required to correct, approve, and certify under the new practice in lieu of a bill of exceptions is the stenographic notes of the trial containing the proceedings and evidence which would form no part of the record unless authenticated as the statute provides.

PETITION for Writ of Mandate directed to James M. Seawell, Judge of the Superior Court of the City and County of San Francisco.

The facts are stated in the opinion of the court.

Charles M. Bufford, for Petitioner.

THE COURT.—Petition for writ of mandate. The petitioner was allowed to intervene in an action between other parties. Subsequently demurrers of the defendants in the action to the third amended complaint of the plaintiffs, and to the complaint in intervention, were sustained and the action, including the intervention, dismissed. Separate appeals from the judgment were taken by the defendants and the petitioner, following the procedure prescribed by sections 953a, 953b, and 953c of the Code of Civil Procedure, and they have presented to the defendant a transcript on appeal with a request that he certify it. His refusal to do so is based upon the fact that the transcript so presented contains nothing but the pleadings and orders constituting the judgment-roll in the action. We think the defendant correctly construes the statute as not applying to a transcript which the clerk may certify. What a judge is required to correct, approve, and certify under the new practice in lieu of a bill of exceptions is the stenographic notes of the trial containing the proceedings and evidence which would form no part of the record unless authenticated as the statute provides.

Writ denied.

Rehearing denied.