[Civ. No. 1126. Second Appellate District.—January 19, 1912.]

## JOHN LAPIQUE, Petitioner, v. THE SUPERIOR COURT OF ORANGE COUNTY and Z. B. WEST, Judge, Respondents.

WRIT OF REVIEW — CERTIFICATION OF TRANSCRIPT BY JUDGE—APPEAL UNDER NEW METHOD—OMISSION OF REQUESTED PAPERS—JURISDICTION.—The only thing which a judge of the superior court is required to certify as a transcript on appeal under the new practice, in lieu of a bill of exceptions, is the stenographer's notes of the trial, containing the proceedings and evidence which would form no part of the record unless authenticated as the statute requires. The court in signing such a transcript does not exceed its jurisdiction in omitting papers requested by the appellant which appear to be irrelevant; but if the fact were otherwise, and the requested papers should have been inserted, the court did not exceed its jurisdiction in signing such transcript as in its opinion is correct; and a writ of review will not lie on account of such omission.

ID.—OFFICE OF WRIT OF REVIEW.—The writ of review only lies where an inferior court or tribunal has acted without jurisdiction; and there is no other speedy and adequate remedy.

APPLICATION for writ of review of the action of the Superior Court of Orange County. Z. B. West, Judge.

The facts are stated in the opinion of the court.

Lewis Cruickshank, for Petitioner.

D. E. Bowman, for Respondents.

THE COURT.—An affidavit filed by petitioner discloses facts tending to show that he is the appellant in a certain action pending in this court on appeal from the superior court of Orange county; that the appeal was regularly taken, and that within the prescribed time he filed with the clerk a notice of the papers which he desired certified; that the clerk in preparing the transcript of such papers omitted therefrom papers specified in the notice, none of which papers appear to have had reference to or connection with any transcript required to be signed by a judge. He alleges that

the clerk's transcript was presented to the judge and that the judge made certain amendments thereto on his own motion, and that the clerk certified the transcript as amended. He asks this court to review the action of the superior court and to compel that court to certify the omitted papers.

The only thing a judge is "required to correct, approve and certify under the new practice in lieu of a bill of exceptions is the stenographic notes of the trial containing the proceedings and evidence which would form no part of the record unless authenticated as the statute provides." (*Christenson Lumber Co.* v. *Seawell,* 157 Cal. 406, [108 Pac. 276].) But were the facts otherwise and the papers such as should be incorporated in a transcript to be authenticated by the judge, nevertheless, in determining the correctness of a transcript, the court has jurisdiction and authority to sign such transcript as in his opinion is correct. The writ of review only lies where the court acts without jurisdiction and there is no other speedy and adequate remedy. The court in signing a transcript, which by the statutes is to be authenticated by it, does not exceed its jurisdiction if it omits matters therefrom, and the writ of review would not lie on account of such omission.

Writ denied.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 18, 1912.