[L. A. No. 2858.    Department One.—June 7, 1912.]

## ULRICH KNOCH et al., Appellants, v. JOHN HAIZLIP et al., Respondents.

APPEAL BY NEW METHOD—AUTHENTICATION OF RECORD—CERTIFICATION BY JUDGE.—The new method of preparing records on appeal provided by sections 953a, 953b, and 953c, of the Code of Civil Procedure, does not require or authorize the judge to certify to the correctness of any papers except such as form part of a transcript designed to take the place of a bill of exceptions.

ID.—CERTIFICATION OF PAPERS ON APPEAL FROM JUDGMENT—USE OF TYPEWRITTEN COPIES IN RECORD—ORIGINAL PAPERS TO REMAIN IN CLERK'S OFFICE.—Papers which under the old method would not

properly be a part of such bill, are still to be certified by the clerk or the attorneys, as provided by section 953 of that code. Such papers include, on an appeal from the judgment, the judgment-roll and the notice of appeal. With respect to these papers, the main effect of the new method seems to be to permit the use of type-written, instead of printed copies. The originals of this class of papers should remain on file in the office of the clerk of the superior court, and not be sent up to the reviewing court.

ID.—AUTHENTICATION OF PAPERS EMBODIED IN TRANSCRIPT OF TESTIMONY—APPEAL FROM ORDERS ON MOTION FOR NEW TRIAL—ORIGINAL TRANSCRIPT TO BE TRANSMITTED TO APPELLATE COURT.—Different considerations apply to the transcript of testimony, etc., prepared in lieu of a bill of exceptions, and certified by the judge. The statute contemplates that the original, rather than a copy, of such transcript, should be transmitted to the court in which the appeal is to be heard, and the only certification required is that of the judge. Where the order appealed from is not included in a judgment-roll (as, for example, an order granting or denying a motion for new trial), the parties may have inserted in the transcript any of the pleadings, papers, records, and files in the cause, and the same when so incorporated shall be "deemed fully authentic for use on said appeal."

ID.—REFUSAL TO DISMISS APPEAL FROM JUDGMENT—WITHDRAWAL OF TRANSCRIPT FOR PROPER AUTHENTICATION.—In the present case, where the record on an appeal from the judgment and an order denying a motion for a new trial was evidently prepared in good faith and in attempted compliance with the new method, but so far as concerned the appeal from the judgment, was not properly authenticated, the supreme court refuses to dismiss the appeal from the judgment, but allows the transcript to be withdrawn for a proper authentication, within a limited time, of the record on the appeal therefrom.

APPLICATION to dismiss appeals from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Curtis D. Wilbur, Judge.

The facts are stated in the opinion of the court.

Edward Judson Brown, for Appellants.

Hester, Merrill & Craig, and Jones & Weller, for Respondents.

THE COURT.—Appeals by plaintiffs from the judgment and from an order denying their motion for a new trial were

submitted for decision on April 18, 1912. The respondents, in their brief, ask that the appeals be dismissed for failure of the appellants to "furnish the requisite papers." (Code Civ. Proc., sec. 954.)

There is on file a record, made up in compliance, or attempted compliance, with the new method provided by sections 953a, 953b, and 953c of the Code of Civil Procedure. It contains copies of the pleadings, the findings of fact and conclusions of law, the judgment, the notice of intention to move for a new trial, the order denying said motion, the notice of appeal from the judgment and order, as well as a transcript of the testimony taken at the trial, with copies of the exhibits. All of these papers are bound together in a single volume of typewritten matter, and are certified to be correct by the judge of the court below. There is no certification by the clerk.

The new method of preparing records on appeal does not require or authorize the judge to certify to the correctness of any papers except such as form part of a transcript designed to take the place of a bill of exceptions. (*Christensen Lumber Co.* v. *Seawell*, 157 Cal. 405, [108 Pac. 276].) It would seem to follow that papers which, under the old method, would not properly be a part of such bill, are still to be certified by the clerk or the attorneys, as provided by section 953. Such papers include, on an appeal from the judgment, the judgment-roll and the notice of appeal. (Sec. 950.) With respect to these papers, the main effect of the new method seems to be to permit the use of typewritten, instead of printed copies. (Sec. 953c.) We fully agree with the view expressed by the district court of appeal in *Waterbury* v. *Temescal Water Co.*, 11 Cal. App. 632, [105 Pac. 940], that the originals of this class of papers should remain on file in the office of the clerk of the superior court, and not be sent up to the reviewing court.

Different considerations apply to the transcript of testimony, etc., prepared in lieu of a bill of exceptions, and certified by the judge. The statute evidently contemplates that the original, rather than a copy, of such transcript, should be transmitted to the court in which the appeal is to be heard, and the only certification required is that of the judge. Where the order appealed from is not included in a judgment-roll

(as, for example, an order granting or denying a motion for new trial), the parties may have inserted in the transcript any of the pleadings, papers, records, and files in the cause and the same when so incorporated shall be "deemed fully authentic for use on said appeal." Inasmuch as the appellants have had inserted in the transcript all the papers necessary to a consideration of their appeal from the order denying a new trial, the record filed authorizes a determination of this appeal on the merits.

There is, however, no sufficient record on the appeal from the judgment. Many of the points raised by appellants are not available on an appeal from the order, but may be considered on the appeal from the judgment alone. As the record now stands, a decision of the cause would require us to disregard or to dismiss the appeal from the judgment. This we think should not be done. There has been much uncertainty and doubt among the members of the bar concerning the procedure under the new sections, and the correct practice can hardly be said to have been settled by our decisions heretofore. It would, therefore, work an unjustifiable hardship to deprive an appellant of the benefit of an appeal where, as here, he has, in evident good faith, attempted to comply with the statute. Furthermore, it may be questioned whether under section 953c, the duty of transmitting a proper record is not, where the new method is followed, imposed, in the first instance, upon the clerk of the court below.

Under these circumstances, we shall not, at this time, dismiss the appeal from the judgment. The record being incomplete, the appellants are granted leave to withdraw the transcript from the files, and to refile such transcript, with copies of the judgment-roll and the notice of appeal from the judgment duly certified by the clerk of the superior court, or by the attorneys, within thirty days. In the event of a failure to thus present a proper record, the appeal from the judgment will be dismissed, and the appeal from the order denying a new trial disposed of on its merits.