[L. A. No. 3130. Department One.—May 7, 1913.]

F. W. TOTTEN, Appellant, v. JOHN W. BARLOW, Respondent.

APPEAL FROM JUDGMENT—NEW METHOD OF APPEAL—RECORD—AUTHENTICATION OF JUDGMENT-ROLL BY CLERK.—On an appeal from a judgment, taken by the new or alternative method provided by sections 941a, 941b, and 941c of the Code of Civil Procedure, a sufficient record is made, so far as concerns the copies of the notice of appeal and the papers constituting the judgment-roll, by the clerk's certification to their correctness.

ID.—MATTERS REQUIRING AUTHENTICATION BY JUDGE—UNAUTHENTICATED MATTERS INCLUDED IN TRANSCRIPT CANNOT BE CONSIDERED.— As to any matters not contained in the judgment-roll, except the notice of appeal, authentication by the clerk is neither necessary nor sufficient. Section 953a of that code requires that, as to all such matters, the transcript shall be settled by the judge, after notice to both parties, and that the judge shall certify to the truth and correctness of the transcript. Unless so certified by the judge, such other matters, although included in the transcript and certified by the clerk, are no part of the record on appeal and cannot be considered.

PLEADING—IMMATERIAL ERROR IN OVERRULING DEMURRER TO PARTS OF ANSWER—JUDGMENT FOR DEFENDANT—ABSENCE OF FINDINGS—APPEAL FROM JUDGMENT.—In an action to recover damages for the conversion of personal property the answer set up three attempted defenses, the first being a sufficient denial of all the allegations of the complaint. The plaintiff demurred to the second and third defenses and his demurrer was overruled. The judgment recited that the cause came on for hearing on the motion of the plaintiff for judgment and on the cross motion of the defendant for judgment, and that the court, having considered the admissions of the respective parties, who had waived trial by jury and findings, denied the motion of the plaintiff and allowed that of the defendant. It thereupon adjudged that the plaintiff take nothing by the suit, and that

the defendant have judgment for his costs. *Held,* upon an appeal from the judgment upon the judgment-roll alone, and in the absence of any findings, that in view of the recitals in the judgment of the admissions of the parties, and, in effect, of a trial on the merits, any error in overruling the plaintiff's demurrer to the second and third defense set up in the answer, was without prejudice to the plaintiff, and did not warrant a reversal.

ID.—REVERSAL OF JUDGMENT—ERROR NOT PREJUDICIAL.—A judgment should not be reversed on account of errors that are not prejudicial, and a plaintiff, contending for a reversal on the ground of an error in overruling a demurrer to certain defenses set up the answer, which adequately pleaded other defenses, should at least show such a condition of affairs as would fairly warrant an inference of possible prejudice therefrom.

APPEAL from a judgment of the Superior Court of Los Angeles County.   W. M. Conley, Judge presiding.

The facts are stated in the opinion of the court.

E. M. Barnes, for Appellant.

Lucien Gray, for Respondent.

ANGELLOTTI, J.—This is an appeal by plaintiff from a judgment that he take nothing by his suit, and that defendant recover his costs taxed at the sum of five dollars.   The appeal was taken in accord with the so-called new or alternative method for taking appeals provided by sections 941a, 941b, and 941c of the Code of Civil Procedure, a proper notice of appeal having been filed by plaintiff with the clerk within sixty days after notice of entry of the judgment.

No bill of exceptions or statement of the case has been settled or presented, and no printed transcript of the judgment-roll has been filed.

Appellant has presented a record made up in compliance or attempted compliance with the provisions of sections 953a, 953b, and 953c of the Code of Civil Procedure.   It contains purported copies of the notice of appeal and of the papers constituting the judgment-roll in the action, which in cases other than those where the complaint is not answered by the defendant are "the pleadings, all orders striking out any pleading in whole or in part, a copy of the verdict of the

jury, or finding of the court or referee, and a copy of any order made on demurrer, or relating to a change of parties, and a copy of the judgment'' (subdivision 2, section 670, of the Code of Civil Procedure), duly certified by the clerk to be full, true, and correct copies of such papers. As to such papers a sufficient record on appeal is made under sections 953a, 953b, and 953c of the Code of Civil Procedure, the certificate of the clerk being the only authentication contemplated by these sections as to such papers. (*Christenson Lumber Co.* v. *Seawell,* 157 Cal. 405, [108 Pac. 997]; *Knoch* v. *Haizlip,* 163 Cal. 20, [124 Pac. 997].) So far as the judgment-roll and the notice of appeal are concerned, no other authentication than the certificate of the clerk or the stipulation of the attorneys has ever been necessary, and ''with respect to these papers the main effect of the new method seems to be to permit the use of typewritten, instead of printed copies.'' (*Knoch* v. *Haizlip.* 163 Cal. 20 [124 Pac. 997].)

The clerk's transcript contains purported copies of other papers and records constituting no part of the judgment-roll, viz.: Plaintiff's motion for judgment, defendant's motion for judgment, minutes of the court, order overruling plaintiff's motion for judgment, and order for judgment for defendant. None of these can be held to constitute any part of the judgment-roll. Prior to the enactment of the sections providing the new or alternative method of preparing a record on appeal (sec. 953a et seq.), the only way of authenticating such matters so as to enable them to be considered by this court on appeal was by incorporating them in a bill of exceptions or statement of the case. An additional method was provided by section 953a which declares that ''in lieu of preparing and settling a bill of exceptions,'' such matters may be incorporated in the transcript to be prepared in accord with its provisions, and they may be considered by an appellate court when so incorporated in such a transcript prepared and certified in the manner provided by such section. But as to any matters not contained in the judgment-roll, except the notice of appeal, authentication by the clerk is neither necessary nor sufficient, the section requiring, in effect, that as to all such matters, the transcript shall be settled by the judge, after notice to both parties, and in terms requiring that

the judge shall certify to the truth and correctness of said transcript. This is clearly shown not only by the language of the section, but also by the decisions already cited. (*Christenson Lumber Co.* v. *Seawell,* 157 Cal. 405, [108 Pac. 276] ; *Knoch* v. *Haizlip,* 163 Cal. 20 [124 Pac. 997]. See, also, *Lane* v. *Tanner,* 156 Cal. 135, [103 Pac. 846].) So far as appears here there was never any attempt to obtain any settlement or authentication of the transcript by the judge, and there is no certificate of such officer, the only certificate being that of the clerk. These papers and records therefore constitute no part of the record on appeal, and must be excluded from consideration by us.

We have therefore simply an appeal upon the judgment-roll, and can consider only the papers and records constituting such roll. These are in this case, the complaint, the answer, plaintiff's demurrer to the answer, the order overruling the demurrer, and the judgment.

The action was one for damages for the alleged conversion by defendant of certain personal property of plaintiff, it being alleged in the complaint that in November, 1909, plaintiff was the owner and in the possession of the property, describing it, that it was of a designated value, that at said time defendant unlawfully and without right converted said property to his own use, and that plaintiff was damaged thereby in a specified sum. The answer set up three attempted defenses, the first being a sufficient denial of all the allegations of the complaint. The second defense was one based upon attempted proceedings to enforce a chattel mortgage on the property given on April 1, 1909, by one Maude Barry to one Marie D. Fuller, which had been assigned to defendant. The third defense was also based on said mortgage. Plaintiff's demurrer was limited to the second and third defenses, the ground specified being that neither defense stated facts sufficient to constitute a defense. The order overruling the demurrer was simply "It is ordered that the demurrer be and is hereby overruled." The judgment was as follows:

"JUDGMENT.

(Title of Court and Cause.)

This cause coming on regularly to be heard the 17th day of October, 1911, on the motion of the plaintiff for judgment, and the cross-motion of the defendant for judgment; and the

plaintiff appearing by his attorney, E. M. Barnes, Esquire, and the defendant appearing by his attorney, Lucien Gray, Esquire; and the court having considered the admissions of the respective parties, and said parties having waived trial by jury and consented to an immediate hearing of said motion, and having waived findings herein, the court denies the said motion of the said plaintiff and allows the said motion of the said defendant:

And, it is thereupon considered and adjudged that the plaintiff take nothing by this suit, and that the defendant recover of and from plaintiff his costs herein expended, taxed at the sum of $5.00            W. M. CONLEY,

Judge of the Superior Court.

Judgment entered Nov. 13, 1911.   Docketed Nov. 13, 1911. Book 228, p. 267.

By G. E. Ross,
Dep. Clerk.''

For the purposes of this decision it may be assumed that the second and third attempted defenses were insufficient, and that the order overruling the demurrer thereto was erroneous. But if we so assume, there is nothing in so much of the record as may be considered by us to warrant a conclusion that the error may have been prejudicial.   The recitals in the judgment signed by the judge in effect show a trial of the case on the merits, notwithstanding the recital that the case came on regularly to be heard ''on the motion of the plaintiff for judgment, and the cross-motion of the defendant for judgment.''   It is in terms declared that the court ''considered the admissions of the respective parties,'' and that said parties ''waived trial by jury and consented to an immediate hearing of said motion,'' and ''waived findings herein.'' What the admissions of fact, upon which the court adjudged that plaintiff take nothing and that defendant recover his costs, were, is in no way made to appear in anything that we can consider.   It is entirely consistent with so much of the record as can be so considered that such admissions related to the issues made by the complaint and the first defense contained in the answer, and warranted a conclusion that material allegations of the plaintiff's complaint were not true. There being no findings, owing to the waiver thereof, we have the right to assume and should assume, in support of the

judgment, that the court determined the issues of fact made by the complaint and the first defense contained in the answer, in favor of the defendant, and such a determination would necessitate a judgment in favor of defendant, regardless of the sufficiency or insufficiency of the other defenses. If the situation were otherwise, appellant should have shown that situation in such a way that we could consider it. A judgment should not be reversed on account of errors that are not prejudicial, and one contending for a reversal on the ground of such an error as is here alleged, should at least show such a condition of affairs as would fairly warrant an inference of possible prejudice therefrom. No such showing is made here.

Counsel for appellant has not attempted to make any reply to the argument of counsel for respondent in regard to the matters that may be considered in view of the condition of the record, and we do not see that any good answer could be made thereto.

The judgment is affirmed.

Shaw, J., and Sloss, J., concurred.

Hearing in Bank denied.