[S. F. No. 6628. In Bank.—October 4, 1913.]

JAMES W. GOING et al., Petitioners, v. W. R. GUY, as Judge of the Superior Court of San Diego County, Respondent.

APPEAL—NEW METHOD—TRANSCRIPT IN CASES WHERE THERE IS NO JUDGMENT-ROLL—PAPERS RELATING TO ORDER APPEALED FROM.— Under section 953a of the Code of Civil Procedure, in cases as to which there is no provision of the code requiring the making of a judgment-roll, the appellant may include in his notice to the clerk a request that the documents relating to the order appealed from and corresponding to the judgment-roll, be included in the transcript to be made up and prepared by the reporter, and if he does so, the reporter must include them in his transcript to be presented to the judge for approval.

ID.—DUTY OF JUDGE TO AUTHENTICATE PAPERS.—In such a case, it is the duty of the judge, if he finds them correct, to approve and certify all the documents properly designated in the notice to the clerk, as well as the stenographic reporter's transcript of his notes taken at the trial or hearing.

ID.—ORDER CONFIRMING SALE OF REAL ESTATE OF DECEDENT—PAPERS RELATING TO ORDER.—In preparing a transcript to be used on an appeal from an order confirming a sale of real estate of a deceased

person, the appellant, proceeding under the method prescribed by section 953a of the Code of Civil Procedure, may, in his notice to the clerk, request that the transcript shall contain not only the testimony and proceedings taken and had at the hearing, but also copies of the petition for sale, the order of sale, the return of sale, the notice of hearing of the return, the bid received, and the order of confirmation, and it is the duty of the trial judge to certify to the correctness of the transcript containing copies of such documents.

ID.—PAPERS ANALOGOUS TO JUDGMENT-ROLL IN PROBATE PROCEEDINGS.— There is no "judgment-roll," strictly speaking, in proceedings in probate, but, whenever proceedings in probate are so akin to a civil action as to necessitate the "papers" which are declared by section 670 of the Code of Civil Procedure to constitute the judgment-roll in a civil action, they may be held to constitute the judgment-roll referred to in section 661.

ID.—ABSENCE OF AUTHENTICATION BY JUDGE—CONSIDERATION OF APPEAL. The trial judge was not relieved of the duty of certifying to the correctness of such documents, merely because they were the equivalent of a judgment-roll, and the appeal from the order of confirmation might have been considered by the appellate court notwithstanding the absence of his authentication.

ID.—PREPARATION OF COPIES OF PAPERS.—It is immaterial whether the typewriting of the transcript is done by the clerk or by the reporter. If the papers are correctly set forth in the certified transcript presented to the judge, he should certify thereto, regardless of the identity of the person who copied them.

APPLICATION for a Writ of Mandate directed to the respondent as judge of the Superior Court of San Diego County.

The facts are stated in the opinion of the court.

George B. Watson, and Hamilton & Lindley, for Petitioners.

James E. Wadham, for Respondent.

SHAW, J.—This is an application for a writ of mandate to compel the defendant, as judge of the superior court, to certify a transcript to be used on an appeal to this court from an order of the superior court confirming a sale of real estate in the Matter of the Estate of Francis W. Bradley, deceased, being the appeal No. L. A. 3562.

The plaintiffs are the appellants in said appeal. In preparing their transcript on appeal they proceeded under section 953a of the Code of Civil Procedure. In their notice to the clerk, under that section, they requested a transcript of the testimony and proceedings taken and had at the hearing, and also that there be included in said transcript copies of the petition for sale, the order of sale, the return of sale, the notice of hearing of the return, the bid received, and the order of confirmation appealed from. The transcript of the testimony and proceedings at the trial was written out by the stenographic reporter, bound together and labeled "Reporter's Transcript" and certified by him. The copies of the documents and orders above mentioned, together with the notice of appeal, were made, bound together and labeled "Clerk's Transcript" by some one whose identity is not disclosed, and were certified by the county clerk to be correct. Upon due notice, these two documents were presented to the defendant for his approval and authentication as the transcript on appeal. He examined them and thereupon certified to the truth and correctness of the matters contained in the document labeled "Reporter's Transcript," but refused to certify or otherwise authenticate the document labeled "Clerk's Transcript," or to sign a certificate including both of them as the transcript on appeal. It is admitted that the documents embraced in the so-called "Clerk's Transcript" are correct.

We think the two documents constituted the transcript contemplated by section 953a, in cases such as this, where the order appealed from is not required to be included in what is technically designated as a judgment-roll. The first paragraph of the section authorizes the appellant, by notice to the clerk, to require that a transcript of the testimony and proceedings at the trial be made up and prepared. The second paragraph makes it the duty of the stenographic reporter to prepare a transcript of his phonographic report of the trial "including therein copies of all writings offered or received in evidence, *and all other matters and things required by the notice above referred to to be therein contained.*" It is this transcript which the judge is required to certify. The third paragraph of the section relates to the first paragraph and

must be read in connection therewith as if it were a part thereof. It is as follows:

"If the judgment, order or decree appealed from be not included in a judgment-roll, the party desiring to appeal shall on the filing of said notice specify therein such of the pleadings, papers, records and files in said cause as he desires to have incorporated in said transcript in addition to the matters hereinbefore required and the same shall be included."

It is apparent from these provisions that in cases as to which there is no provision of the code requiring the making of a judgment-roll, the appellant may include in his notice to the clerk a request that the documents relating to the order appealed from and corresponding to the judgment-roll, be included in the transcript to be made up and prepared by the reporter, and that if he does so, the reporter must include them in his transcript to be presented to the judge for approval. In such a case, it is the duty of the judge, if he finds them correct, to approve and certify all the documents properly designated in the notice to the clerk, as well as the stenographic reporter's transcript of his notes taken at the trial or hearing. Of course papers might be designated which would be foreign to the case on appeal and which he might reject, but such is not the case here. The papers here designated were all proper parts of the record on the appeal in question, appropriate as such at least, if not essential. The so-called "Clerk's Transcript" should have been bound in with or securely attached to the "Reporter's Transcript," as a part thereof, and the judge should have approved and certified to the whole of it, upon finding it to be correct. (*Totten* v. *Barlow,* 165 Cal. 378, [132 Pac. 749].) Counsel say that the code requires a judgment-roll to be made up in a proceeding in probate to sell real estate, upon an order of confirmation thereof. There are cases holding, in aid of an appeal, that the papers upon which such an order is based and which are akin to the judgment-roll in a civil action, are in effect a judgment-roll and come within the spirit of the provision of section 670 specifying what constitutes a judgment-roll and that they will be considered as such whenever the question arises in an attack upon the sufficiency of a transcript on appeal. (*Estate of Page,* 57 Cal. 238; *Miller* v. *Lux,* 100 Cal. 609, [35 Pac. 345, 639]; *Estate of Kilborn,* 162 Cal. 4, [120 Pac. 762].)

But the more accurate statement of the law is made in *Estate of Ryer*, 110 Cal. 560, [42 Pac. 1083]. The court there said: "There is no 'judgment-roll,' strictly speaking, in proceedings in probate, but, whenever proceedings in probate are so akin to a civil action as to necessitate the 'papers' which are declared by section 670 to constitute the judgment-roll in a civil action, they may be held to constitute the judgment-roll referred to in section 661." They are a *quasi* judgment-roll only, but they will be held equivalent thereto whenever the interests of justice require it in considering the sufficiency of a transcript on appeal. We do not say that we would refuse to consider this appeal, if it were presented without authentication by the judge to these papers. Under the decisions we have cited, this liberality would be permissible. But we are here concerned with the technical duty of the judge, in aid of an appeal and not in denial thereof. Section 953a was enacted after the decision in *Estate of Ryer*, 110 Cal. 560, [42 Pac. 1083]. In appeals in probate proceedings it is often a question of difficulty to determine whether or not the order appealed from is of such a character that there could be any judgment-roll within the meaning of the provisions relating to civil actions. The third paragraph of section 953a was doubtless inserted to meet the language above quoted from *Estate of Ryer*, and to remove all doubts in such cases concerning the necessity or propriety of a judgment-roll, and to provide a mode whereby such papers could be embraced in the transcript in all cases, including those in which doubt would exist as to whether they were or were not equivalent to a judgment-roll in a civil action, as well as those in which previous decisions had removed such doubt. For these reasons we conclude that the judge should have signed the documents as presented to him.

It is of no moment whether the typewriting was done by the clerk, or by the reporter. If the papers were correctly set forth in the certified transcript presented to the judge, as is conceded, he should have certified thereto, regardless of the identity of the person who copied them.

Let the writ of mandate issue to the defendant and let there be served on him therewith the said transcript on appeal now on file above mentioned, to which he will attach his certificate

as here indicated and thereupon return the same to the clerk of this court.

Sloss, J., Angellotti, J., Lorigan, J., Henshaw, J., and Melvin, J., concurred.