[Civ. No. 1601. First Appellate District.—May, 4, 1915.]

## JOHN DIETZ, Respondent, v. JOHN SCOTT et al., Appellants.

FORECLOSURE OF MORTGAGE—APPEAL—ORDERS AND PAPERS NOT TO BE CONSIDERED.—Upon an appeal from a judgment foreclosing a mortgage under the alternative method prescribed by section 953a et seq. of the Code of Civil Procedure, intermediate orders and papers referred to which are no part of the judgment-roll and the integrity and purpose of which have not been certified to by the trial judge, cannot be considered.

ID.—ABSENCE OF EVIDENCE—PRESUMPTION IN FAVOR OF FINDINGS.—On
such an appeal where the record does not contain the evidence,
only the papers constituting the judgment-roll can be considered,
and it must be presumed that the evidence supported the findings.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco. Frank J. Murasky,
Judge.

The facts are stated in the opinion of the court.

John Scott, for Appellants.

Perry & Dailey, for Respondent.

THE COURT.—This is an appeal from a judgment fore-
closing a mortgage. The appeal purports to be taken under
the new or alternative method prescribed by section 953a et seq.
of the Code of Civil Procedure, but the notice required by
that section was not given to the clerk of the court below, re-
questing the preparation of such portions of the record as the
defendants desired to use upon the appeal. The clerk, how-
ever, prepared and certified to a record which purports to
contain the judgment-roll, several intermediate orders made by
the trial court, a paper writing signed by the defendants,
declaring and notifying the commissioner appointed to make
the foreclosure sale that the mortgaged premises were by vir-
tue of a pre-existing homestead exempt from execution to the
extent of five thousand dollars; and another paper writing,
filed with the clerk subsequent to the entry of the judgment,
setting forth numerous objections to the judgment, and de-
manding that the judgment be dismissed for the reasons stated
in the objections.

The intermediate orders and the papers referred to are
clearly no part of the judgment-roll, and as their integrity
and purpose have not been certified to by the trial judge, can-
not be considered here. (*Totten* v. *Barlow,* 165 Cal. 378,
[132 Pac. 749].)

The record before us does not set out nor purport to set out
the evidence adduced at the trial; and, as was said in the case
of *Totten* v. *Barlow,* ''We have, therefore, simply an appeal
upon the judgment-roll, and can consider only the papers and
records constituting such judgment-roll.''

27 Cal. App.—21

Apparently the several points attempted to be made in the support of the appeal relate solely to the sufficiency of the evidence to sustain the findings and judgment made by the lower court. The findings of the court, however, sustain the judgment; and in the absence of a record showing the evidence it must be presumed that the evidence in turn supports the findings.

The judgment appealed from is affirmed..