[L. A. No. 4369. In Bank.—January 14, 1916.]

## CHRISTINE PIERCE, Petitioner, v. LEWIS R. WORKS, Judge of the Superior Court of the County of Los Angeles, Respondent.

Appeal—Certification by Judge of Transcript Prepared Under Section 953a, Code of Civil Procedure—Order Granting Change of Place of Trial—Want of Certification by Clerk.—A transcript of the proceedings claimed to have been prepared in accord with the provisions of section 953a of the Code of Civil Procedure, for use on an appeal from an order granting a motion for change of the place of trial to the county of the defendant's residence, should not be refused certification by the trial judge, merely because it was not certified by the clerk as containing true and correct copies of the original documents, papers, files, and records, where no objection on any such ground was made by the opposing attorneys, and it appears that various corrections suggested by the attorneys were agreed to and the transcript was amended accordingly.

Id.—Contents of Transcript—Statements by Judge—Objections of Counsel.—Statements made by the court at the hearing of such motion, or objections of counsel for the plaintiff to the granting of the same, are not required to be inserted in the transcript where the only evidence considered at the hearing was the files and records of the action, and such indorsements of admission of service and filing as there were thereon.

Id.—Undertaking to Secure Costs of Preparing Transcript—Waiver of Giving by Clerk.—The mere failure to give to the clerk the undertaking provided for by section 953b of the Code of Civil Procedure to secure to him the cost of preparing the transcript, is not a good ground of objection to the certification by the judge of a transcript in fact prepared and delivered by the clerk to the judge for settlement. The clerk had the right to waive the giving of such undertaking.

Id.—Appeal from Order Granting Change of Place of Trial—Record on Appeal.—The provisions of sections 953a, 953b, and 953c of the Code of Civil Procedure, providing a record on appeal in lieu of the ordinary bill of exceptions, authorize such a record on an appeal such as one from an order granting a motion to change the place of trial, where the proceedings at the hearing were not taken down by a stenographic reporter, and the evidence submitted to the court consisted entirely of the files and records of the action.

APPLICATION for a Writ of Mandate directed to Lewis R. Works, a Judge of the Superior Court of the County of Los Angeles.

The facts are stated in the opinion of the court.

Riddle & Cheroske, for Petitioner.

John J. Squier, and Robert M. Clarke, for Respondent.

ANGELLOTTI, C. J.—This is an original application to this court for a writ of mandate directing respondent to certify a transcript of proceedings claimed to have been prepared in accord with the provisions of section 953a, of the Code of Civil Procedure, for use on an appeal from an order granting a motion for change of place of trial from Los Angeles County to Santa Barbara County of an action brought by petitioner against A. M., Sallie Belle, and Edith Pierce. Respondent judge declined to certify the same on the ground, expressed in writing, "that it is not such a statement or transcript as is contemplated by section 953a, Code of Civil Procedure." Although this was the only ground of refusal, and apparently, as indicated by the petition and answer, the only ground of objection to certification urged by opposing counsel before respondent, some other objections are urged by the answer of respondent filed herein. We think, however, that there is no force in any of the other objections, in view of the admitted facts. Although it is alleged in the answer that the proposed transcript was not certified by the clerk or anyone else as containing true or correct copies of the original documents, papers, files, and records, it further appears that the opposing attorneys made no objection on any such ground, objecting simply that it was not such a transcript as was contemplated by section 953a of the Code of Civil Procedure, and it further appears from the petition and answer that such attorneys suggested various corrections, to all of which petitioner's counsel and the judge agreed, and that the transcript was amended accordingly. So that it is fairly to be presumed from the pleadings here that the proposed transcript is absolutely correct, and contained all matters essential to a proper determination of the appeal, and no suggestion is made to the contrary. It is further alleged in the answer that the proposed transcript does not contain the statements of the court made at the hearing of the motion for change of place of trial, or the objections of counsel for plaintiff to the granting of the

same. We cannot see any necessity for the incorporation of these matters in such a case as this, an appeal from an order granting a change of place of trial to the county of the defendants' alleged residence, where the only evidence was the files and records of the action, and such indorsements of admission of service and filing as there were thereon. There is no suggestion that the incorporation of any of such matters is essential to the protection of any right of any party. If neither party desires the insertion of such a matter, and it is not essential to a proper determination of the appeal, the statute does not require it to be inserted. It is further alleged that the undertaking provided for by section 953b, of the Code of Civil Procedure, was not filed with the clerk. This is the undertaking in an amount to be fixed by the clerk to secure to that officer the cost of preparing the transcript. Obviously this was enacted solely for the protection of the clerk and stenographer, and as amended in 1915, the party, instead of furnishing the undertaking, may arrange personally with the stenographic reporter for his compensation. According to the undenied allegations of the petition it clearly appears that the giving of any undertaking was waived by the clerk, as it might be in such a case as this. Mere failure to give such an undertaking cannot be urged as a good ground of objection to the certification of a transcript in fact prepared and delivered by the clerk to the judge for settlement.

The remaining question presented by this proceeding is whether the provisions of sections 953a, 953b, and 953c, of the Code of Civil Procedure, providing a record on appeal in lieu of the ordinary bill of exceptions, authorize such a record in a matter like the one here involved, when the proceedings at the hearing have not been taken down by a stenographic reporter, and the evidence submitted to the court consisted entirely of the files and records of the action.

The order appealed from is, of course, one not included in a judgment-roll. It is an appealable order made before trial and judgment, to the review of which by an appellate court prior to the enactment of the sections referred to it was essential that the evidence, upon which the motion therefor was heard, in whatever form it was received, should be incorporated in a bill of exceptions and properly authenticated by the trial judge. (See *Hibernia Sav. & Loan Soc.* v. *Doran,*

161 Cal. 118, [118 Pac. 526].) This was true although the evidence consisted only of the records and files of the action, including the papers presented and filed in support of the motion. Such papers could not be effectually certified to the appellate court by the clerk of the trial court. (*Hibernia Sav. & Loan Soc.* v. *Doran*, 161 Cal. 118, [118 Pac. 526].) Section 953a purports to provide a method of preparation of record to which a party appealing "from any judgment, order or decree of the superior court" may resort "in lieu of preparing and settling a bill of exceptions," and under which, of course, he may bring to the appellate court anything he might properly include in a bill of exceptions. It is true, of course, that as to parol evidence, and as to writings merely offered or received in evidence at a trial as distinguished from papers, records, and files in the cause, the section contemplates that there shall have been a phonographic report of the proceedings, and it may be that as to such matters there can be no record prepared under the section in the absence of such a phonographic report. Such was the situation in *Allen* v. *Conrey*, 22 Cal. App. 409, [134 Pac. 730], relied on by respondent, and we are not called upon here to dispute the correctness of the decision given therein. But if there was no such evidence to report and consequently no office for a stenographic reporter to perform, if the only matters considered on the hearing of the motion were the pleadings, papers, records, and files in the cause, as is always the case on a motion heard and determined solely on affidavits and the record and files of the action, we can see no reason why it should not be held that section 953a fully covers the matter. The section provides that "if the judgment, order or decree appealed from be not included in a judgment-roll, the party desiring to appeal shall on the filing of said notice specify therein such of the pleadings, papers, records, and files in said cause as he desires to have incorporated in said transcript in addition to the matters hereinbefore required [the stenographic reporter's report of the trial including therein copies of all writings offered or received in evidence and all other matters and things required by the notice] and the same shall be included." In *Going* v. *Guy*, 166 Cal. 279, [135 Pac. 1128], (decided by this court in Bank, October 4, 1913), this provision was held applicable on an appeal from an order con-

firming a sale of real estate in a probate matter, the appellants having requested a transcript containing copies of the petition for sale, the order of sale, the return of sale, the notice of hearing of the return, the bid received, and the order confirming the sale. In that case, there was a stenographic reporter, who furnished a transcript of the testimony and proceedings at the hearing, but such transcript contained none of these papers. Such copies, prepared by someone whose identity was not disclosed, were delivered bound together and certified by the county clerk to be correct, to the judge, with the reporter's transcript, and while certifying the latter he refused to certify the former. It was admitted that the papers were true copies of the originals. The provisions of section 953a were fully discussed, and it was held that thereunder, especially in view of the paragraph we have quoted, the appellant was entitled to have such papers inserted in the transcript, and that it was the duty of the judge to authenticate the same. It was held, as is well settled, that the clerk's duty of authentication is limited to papers which constitute a judgment-roll, and that the judge is not required to authenticate such papers (*Christensen Lumber Co.* v. *Seawell,* 157 Cal. 405, [108 Pac. 276]; *Knoch* v. *Haizlip,* 163 Cal. 20, [124 Pac. 997]; *Totten* v. *Barlow,* 165 Cal. 378, [132 Pac. 749]), but that as to all other papers and records in the action it is the duty of the judge to make the authentication. (See, also, *Totten* v. *Barlow,* 165 Cal. 378, [132 Pac. 749].) It was further said substantially that it was of no moment who did the typewriting, and that "if the papers were correctly set forth in the certified transcript presented to the judge, as is conceded, he should have certified thereto, regardless of the identity of the person who copied them." That such papers as make up the proposed transcript in this case may be included in such a transcript was declared in *Hibernia Sav. & Loan Soc.* v. *Doran,* 161 Cal. 118, [118 Pac. 526]. If this be correct, as to which we have no doubt, in view of what is said in *Going* v. *Guy,* 166 Cal. 279, [135 Pac. 1128], we can conceive of no possible reason why such a transcript may not consist exclusively of such papers, authenticated by the judge, in a case where the same constitute all the matters material to a proper determination of the appeal. The mere fact that there was no office for a stenographer to perform at the hearing of the motion and that consequently there was

no stenographic reporter present certainly should not be held to preclude the bringing to an appellate court in this way of all papers, records, and files essential to a proper determination of the appeal, where the statute authorizes, as we must hold it does, the inclusion of the same in such a transcript. We think it clear that petitioner is entitled to the relief sought.

Let a peremptory writ of mandate issue in accord with the prayer of the petition.

Shaw, J., Melvin, J., Sloss, J., Henshaw, J., and Lawlor, J., concurred.