[L. A. No. 4714. Department One.—June 7, 1917.]

In the Matter of the Estate of CLARK P. ALLEN, Deceased.
HATTIE E. ALLEN, Appellant; UNION TRUST &
SAVINGS BANK OF PASADENA, as Guardian of
George E. Allen, Respondent.

Homestead — Finding of Abandonment — Appeal — Evidence.—In a
proceeding by the widow of a decedent, under section 1723 of the
Code of Civil Procedure, to obtain a decree declaring that the
homestead of herself and the decedent had vested in her as the
surviving spouse, an order denying the relief, based on a finding
that the spouses had abandoned the homestead, will be affirmed on
appeal, where the record fails to set forth the evidence given at the
trial in support of the finding.

APPEAL from an order of the Superior Court of Los An-
geles County denying a petition of the widow of a decedent
to obtain a decree declaring that the homestead of herself
and the decedent had vested in her as surviving spouse.
James C. Rives, Judge.

The facts are stated in the opinion of the court.

Charles Lantz, for Appellant.

Hahn & Hahn, for Respondent.

SHAW, J.—The appeal here presented is from an order
denying the petition of Hattie E. Allen, as the widow of the
decedent, under section 1723 of the Code of Civil Procedure,
to obtain a decree declaring that the homestead of herself
and said decedent, declared and filed by her alone, during
their marriage, upon a certain lot of land, said lot being her
separate property, has vested in her as the surviving spouse.

Opposition to her petition was made by the respondent as
guardian of the child of the decedent and also as executor
of the estate of the decedent. Thereupon there was a trial
of the cause, evidence oral and documentary was introduced,
the court made findings to the effect that the declaration of
homestead on the lot had been duly filed as alleged, and that
subsequently, during said marriage, the petitioner and Clark
P. Allen, her husband, abandoned the homestead by execu-

ting, acknowledging, and causing to be duly recorded their deed conveying said lot in fee to Harriet E. Winslow. Thereupon the order was made denying the petition.

The record does not set forth the evidence given at the trial upon which the court found that the homestead had been abandoned. The clerk and the judge of the superior court each certify that the record contains true copies of certain documents on file in the cause, but the certificates do not state that these comprise all the documents used at the hearing, or that no other evidence was introduced. The findings state that oral testimony was given. It does not appear that the appellant ever gave to the clerk the notice required by section 953a of the Code of Civil Procedure, specifying the papers to be included in the transcript, or requesting a transcript of the testimony. Hence there is no affirmative showing that she was entitled to a reporter's transcript of the testimony, or to a clerk's transcript of papers on file. (*Schmitt* v. *White,* 172 Cal. 554, 559, [158 Pac. 216]; *Pierce* v. *Works,* 171 Cal. 684, 687, [154 Pac. 852]; *Hibernia Sav. etc. Soc.* v. *Doran,* 161 Cal. 118, [118 Pac. 526].) There is no bill of exceptions. All presumptions are in favor of the action of the court below. Error must be affirmatively shown by the record. The finding that the homestead was abandoned is sufficient to defeat the petitioner's claim and to support the order appealed from.

The order is affirmed.

Victor E. Shaw, J., *pro tem.,* and Sloss, J., concurred.