[Civ. No. 3369.   First Appellate District, Division Two.—May 20, 1920.]

SUSIE M. KIBBE et al., Respondents, v. AMY GRAVES et al., Appellants.

[1] APPEAL—ALTERNATIVE METHOD—ABSENCE OF JUDGE'S CERTIFICATE.—Where an appeal is taken under the alternative method, but the judge's certificate is not attached to the reporter's transcript, in accordance with the provisions of section 953a of the Code of Civil Procedure, the appeal must be considered by the appellate court merely as an appeal upon the judgment-roll alone.

[2] JUDGMENT—CHANGED FACTS—RES ADJUDICATA.—The fact that the court in one action decides that the sheriff might proceed with a sale under execution of the contingent interest of a judgment debtor in certain real property held by a trustee for the benefit of certain creditors of such judgment debtor does not render that

question *res adjudicata* in a subsequent action instituted after such a judgment debtor has ceased to have any interest in the property.

[3] TRUSTS—CONTINGENT INTEREST OF TRUSTOR—SALE ON EXECUTION —EFFECT OF SALE BY TRUSTEE—TITLE TO PROPERTY.—Where real property is conveyed to a trustee for the benefit of certain creditors of the grantor, with power to manage and sell said property and to apply the proceeds to the payment of said debts, and to pay the balance, if any, over to the grantor, such grantor, up to the time of sale, has a contingent interest in the property, which may be levied upon and sold under execution, but upon a sale by the trustee, pursuant to the terms of the trust, the purchaser acquires both the legal and the equitable title to the property, discharged of all trusts, the contingent interest of the original grantor in the property being changed into a contingent interest in the proceeds of the sale, provided any exists after the purposes of the trust have been fulfilled.

APPEAL from a judgment of the Superior Court of Los Angeles County. Leslie R. Hewitt, Judge. Affirmed.

The facts are stated in the opinion of the court.

C. Franklin Baxter and A. J. Mitchell for Appellants.

Charles M. Ackerman for Respondents.

LANGDON, P. J.—This is an appeal by the defendants from a judgment in favor of the plaintiffs in an action to quiet title to certain real estate in the county of Los Angeles, and also from orders denying a new trial and refusing to vacate the judgment.

[1] The respondent, at the outset, objects to a consideration of the reporter's transcript for the reason that the judge's certificate is not attached thereto, in accordance with the provisions of section 953a of the Code of Civil Procedure. It is contended that as only the certificate of the clerk is attached to the transcript, and as the clerk is only qualified to certify to the judgment-roll, therefore this appeal must be considered by this court merely as an appeal upon the judgment-roll alone. We think this objection is well taken and that the appeal can be considered only upon the judgment-roll. (*Christenson Lumber Co.* v. *Seawall,* 157 Cal. 405, [108 Pac. 276]; *Knoch* v. *Haizlip,* 163 Cal. 20, [124 Pac. 997]; *Lane* v. *Tanner,* 156 Cal. 135, [103 Pac. 846].)

However, in the present case, as pointed out by the appellant, the consideration of the judgment-roll involves a consideration of practically all the material evidence contained in the reporter's transcript. The transcript contains the judgment-roll in the present action, and also a grant deed, judgment-rolls in two prior actions and a sheriff's return upon execution in yet another action between the parties. These documents are substantially set out, in their legal effect, in the pleadings, and the facts with reference to them were found by the court. The effect of judgments in cases Nos. B–38190 and B–40999 are pleaded, the grant deed from McMahan, trustee, to the plaintiffs is referred to in the pleadings and is described therein, except as to the consideration stated in said deed. The recital of a consideration of $36,641.85 in said deed (which deed is set out in the transcript) is the one point excluded from our consideration upon this appeal by the absence of the judge's certificate, which the appellant contends is material to her case. It may not be inappropriate for us to say, in passing, that we think a consideration even of this matter would not change our determination in any way for the reasons which shall appear hereinafter.

The facts of the case are complex. Many matters are set up in the pleadings which occurred in actions between the same parties previous to this action, and in the interest of clarity, we shall discuss the events as found by the court, in the order of their occurrence, and without regard to the order in which they are pleaded.

On August 21, 1915, one Florence E. Rickershauser was the owner of the real property involved in the present action. At that time she was insolvent and executed a deed to one McMahan covering said property, which conveyance was duly recorded on December 3, 1915. On August 27, 1915, McMahan executed a declaration of trust with reference to said property, declaring that he held the same not in his own right, but as trustee for certain creditors of the grantor, the names of the creditors and the amounts of their claims being set out in the declaration of trust; that he held the same for the benefit of said creditors with power to manage and sell said property and to apply the proceeds to the payment of said debts, and to pay the balance, if any, over to the grantor, Florence E. Rickershauser.

47 Cal. App.—37

On May 18, 1916, defendant Amy Graves instituted an action (No. B–38190) against E. E. Denton and Florence E. Rickershauser, and recovered a judgment therein for $3,474.24. On July 11, 1916, a writ of execution was issued upon said judgment, and the sheriff levied upon the property involved herein, as the property of Florence E. Rickershauser, and published a notice of sale to be held on August 31, 1916. On August 8, 1916, McMahan instituted an action (No. B–40999) against the sheriff to restrain him from selling said property, and alleged that the property was held by him in trust for the benefit of certain creditors of Florence E. Rickershauser, and that Florence E. Rickershauser had no right, title, or interest therein. In this action Amy Graves intervened and by her complaint in intervention and the answer thereto, there was put in issue the questions of the validity of the deed from Florence E. Rickershauser to McMahan, and the validity and purposes of the trust declared by him to attach to said property. It was adjudicated in that action that the conveyance from Rickershauser to McMahan was *bona fide* and not in fraud of creditors; that it was impressed with a trust in accordance with the trust declaration hereinbefore referred to; that Florence E. Rickershauser was entitled to whatever beneficial interest remained in the trust property after the payment of the claims enumerated in the trust declarations, and that McMahan was, therefore, not entitled to a permanent injunction against the sheriff to restrain him from selling whatever beneficial interest Florence E. Rickershauser had in the property.

Thereafter, in pursuance of the trust agreement, the property was sold by the trustee McMahan on July 30, 1917, and the sale confirmed by the court, and the purposes of the trust accomplished by the payment of the debts. On August 30, 1917, the sheriff proceeded with the execution sale to satisfy the judgment in said action No. B–38190, in accordance with the judgment in case No. B–40999. Amy Graves purchased at said sale, all the right, title, and interest of Florence E. Rickershauser in and to said property. A certificate evidencing said sale was issued to the purchaser by the sheriff, but a deed has not yet been executed by the sheriff conveying said interest so purchased. It will be observed from this statement of facts, that before Amy Graves

made her purchase at the sheriff's sale, the property had already had sold to the plaintiffs under the power given in the trust agreement, and the proceeds from said sale had been used in the extinguishment of the debts of Florence E. Rickershauser, the said sale under the trust deed had been confirmed by the court and the trustee discharged, according to the allegations of the pleadings and the findings of the court. At the time Amy Graves purchased the beneficial interest of Florence E. Rickershauser she had notice of the conveyance to plaintiffs made under the power contained in the trust agreement, as said conveyance to plaintiffs was duly recorded.

All of the above facts are preliminary to a discussion of the present suit, but they all appear from the pleadings and findings in the present action. In the present action the plaintiffs, who are the grantees of McMahan under the power given him in the trust agreement, seek to quiet title to the land against the defendant, and they also set out in their complaint the facts regarding the execution sale under which the right, title and interest of Florence E. Rickershauser was sold to Amy Graves, and allege that the sheriff will execute a deed to said Amy Graves on August 30, 1918, in consummatiion of said sale unless restrained by the court, and that such deed, if executed, will cloud the title of the plaintiffs to their property, and they ask that the sheriff be restrained from executing this deed. In other words, the plaintiffs seek to litigate the question of whether or not Florence E. Rickershauser had any beneficial interest in the land in controversy at the time of defendant's purchase, and to restrain the sheriff from executing the deed to defendant until such matter may be determined—so as to keep unclouded the title of the plaintiffs to the land. It is also alleged that the value of the property is something over $30,000, and that the interest of Florence E. Rickershauser was sold at sheriff's sale for about $2,600, and plaintiffs offer to redeem from said sale if it be adjudged that Florence E. Rickershauser had any beneficial interest in said property at the time of the purported sale to Amy Graves. It is also alleged that the plaintiffs purchased the property in good faith from Thomas T. McMahan, trustee, and paid therefor $33,641.85. Amy Graves filed an answer denying the title of plaintiff and setting up title in herself by virtue

of the execution sale. She also makes various allegations in her answer and cross-complaint as to matters decided in action B–40999 with reference to the fraud of Florence E. Rickershauser in conveying to McMahan, and the validity of McMahan's conveyance to plaintiffs, all of which we need not discuss here, as these questions were decided adversely to the defendant Amy Graves in said action No. B–40999, and such matters are *res adjudicata* as between these parties.

The trial court in the present action issued a permanent injunction restraining the sheriff from clouding the title of the plaintiffs by issuing the deed to the defendant.

[2]  One of the main contentions of the appellant is that the injunction should not have been issued because she asserts that it was decided in said action B–40999 that the sheriff might proceed with the sale and sell the beneficial interest of Florence E. Rickershauser in the property. The facts bearing upon this question as they existed at the time of the determination in action B–40999, and as they exist in the present action are materially different, and therefore the question is not *res adjudicata* here. In action B–40999, McMahan was the plaintiff. He held the legal title then to the property in controversy, holding the same under specific trusts as found by the court, and Florence E. Rickershauser was a possible beneficiary under the trust. She had a contingent interest in the property, for at that time it had not yet been sold under the power given to the trustee. This possible beneficial interest of Florence E. Rickershauser was an asset, upon which it was proper for Amy Graves to levy at that time, and she could not be restrained from doing this. If it had been necessary to sell only a part of the property to satisfy the debts set out in the trust agreement, then the residue would have belonged to Florence E. Rickershauser under the terms of the trust agreement, and her contingent interest would have become vested. This contingent interest was something which could have been reached by the judgment creditor of said Florence E. Rickershauser. In the present action, however, the situation has changed. McMahan no longer holds the property under a trust in which Florence E. Rickershauser has any possible interest. The property has been sold. Plaintiffs have purchased the property at the trustee's sale. They allege and

the court found that they paid value for it. There is no longer in existence any interest of Florence E. Rickershauser in the property, for it was necessary to sell all of the property to pay the debts. [3] The error of the appellant is in assuming that ·when McMahan sold under the trust deed to the plaintiffs in execution of the trust the plain-·tiffs took only the *legal* title, subject to the beneficial interest of Florence E. Rickershauser. The plaintiffs took both the legal and equitable title—the full and complete title, discharged of all trusts. This being true, the interest of Florence E. Rickershauser in the property became changed into an interest in the proceeds of the sale, provided any surplus existed after the purposes of the trust had been fulfilled. Whether there is such a surplus, and if so, who is holding it, and whether or not Amy Graves may levy upon it, are questions not in issue here. We are dealing merely with the title to this real property. As it has been found that it was regularly and properly sold to the plaintiffs for value in execution of a valid instrument of trust, the interest of Florence E. Rickershauser in said property is forever wiped out, and there was nothing, at the time of the purported sale by the sheriff, to convey to the defendant Amy Graves. In other words, the issuance of the deed by the sheriff would be a meaningless proceeding, conveying nothing and merely involving the plaintiffs in lawsuits to clear the record. Whatever interest Florence E. Rickershauser may have had in the property was converted into an interest in the proceeds of the sale, if such proceeds were more than the amount necessary for the payment of the debts. Appellant, however, does not attempt to pursue this possible interest in the proceeds of the sale, but insists upon having the property. It is for this reason that it becomes immaterial to the appellant that we may not consider upon this appeal the recital in the deed from McMahan to plaintiffs of the consideration of $36,641.85—$3,000 more than the amount of the debts specified in the trust declaration. Even though it be conceded that the trustee received for the property more than the amount of the claims specified in the declaration of trust, and that, therefore, there was a balance due Florence E. Rickershauser, yet we are not concerned with that balance here, and we do not see how the injunction granted in the present case interferes in any

way with defendant's right to pursue said money if it exists. The injunction restrains the sheriff "from executing a deed in favor of the said Amy Graves which if executed would purport to convey to her any beneficial interest of Florence E. Rickenshauser in and to the land or any part thereof involved in this action."

One further point is argued by the appellant, which has reference to the descriptions of the property contained in the various instruments involved in this action. The point is made merely with reference to the last parcel of real property set out in the complaint—parcel G. This parcel of land when it was conveyed by Florence E. Rickershauser to McMahan, trustee, was described as follows: "An undivided one-half interest in lots 1, 8, 9, 10, 11, 12, 13, 14, 16 and 24 *in Block 15 of the Breen Tract*, Wilmington." This same description was used in the deed from McMahan to plaintiffs; it was also used in the complaint to quiet title herein. It was the description found by the court to cover the land in controversy, in its findings of fact and conclusions of law, and in its judgment herein. It is the description contained in the injunction against the sheriff, and he is enjoined from executing a deed to defendant Graves of land described in that manner.

However, in the cross-complaint of Amy Graves filed herein, in which she sought to quiet title to this land and to have the deeds from Rickershauser to McMahan, and from McMahan to plaintiffs, declared void, this particular parcel of land is described as follows: "An undivided one-half interest in lots 1, 8, 9, 10, 11, 12, 13, 14, 16 and 24 *of the Breen Tract as per Book Fifteen, page forty-two of maps.*" The execution in action No. B–38190 had been issued against this parcel described in this manner, and the sale by the sheriff was made to the defendant Graves under this description.

Because of this variation in the descriptions of the ten lots in the Breen Tract, appellant is taking the position that the property to which the plaintiffs are entitled under the deed from McMahan, and under the decree of the court quieting title, is not the same property under which execution was issued in action B–38190 and not the same property which defendant Graves purchased at the sheriff's sale. Therefore, they contend that, regardless of the judgment quieting

title according to the prayer of plaintiffs' complaint, defendant Graves is entitled to a deed to ten lots in the Breen Tract. There is nothing in the record from which this court can determine whether these certain ten lots "in the Breen Tract" and the ten lots numbered the same "in block 15 of the Breen Tract" are the same lots. If they are not, then obviously defendant may have her deed to the lots "in the Breen Tract," while the plaintiffs have their title quieted to the lots "in block 15 of the Breen Tract." But it requires no modification of the judgment to bring about such a result, because the injunction merely restrains the sheriff from executing a deed to these certain lots "in block 15 of the Breen Tract." It in no way interferes with his action in executing to the defendant Graves a deed to any different lots "in the Breen Tract" which she may have purchased.

The judgment is affirmed.

Nourse, J., and Brittain, J., concurred.