WILLIAM DIETRICH, PLAINTIFF IN ERROR, v. THE LINCOLN & NORTHWESTERN R. R. CO., DEFENDANT IN ERROR.

A motion to quash a bill of exceptions will not be entertained after a case, which has been reached in the regular order of business, is submitted.

MOTION to quash bill of exceptions.

*Whitmoyer, Gerrard & Post,* for the motion.

*McAllister Brothers,* contra.

MAXWELL, J.

This case was argued by the attorney for the plaintiff in error when the case was reached in its regular order on the call of the docket, and there being no appearance on behalf of the defendant in error, the case was submitted. Afterwards the attorneys of the defendant, upon showing sufficient excuse for their default, were permitted to enter an appearance with leave to make an oral argument and file briefs. They thereupon suggested diminution of the record, and upon the record being perfected moved to quash the bill of exceptions upon the ground that it is signed by the clerk of the court and not by the judge before whom the case was tried. Without entering into a discussion of the merits of the motion, it is sufficient to say that it is filed too late. Objections to a bill of exceptions must be filed before the case is submitted, and should be at the earliest opportunity. Such objections are not favored, and usually are merely technical, and he who objects upon merely technical grounds must himself be free from fault. Besides it is but justice to the adverse party that the objections should be made at the earliest opportunity, so that if it is apparent. they are well taken, and the case depends upon the bill of exceptions, no further expense will be incurred in continuing the prosecution. The motion must be

OVERRULED.