[Civ. No. 1383.   Second Appellate District.—June 27, 1913.]

NELLIE G. ALLEN, Petitioner, v. N. P. CONREY, Judge of the Superior Court of Los Angeles County, Respondent.

APPEAL—ALTERNATIVE METHOD—NECESSITY OF PRESENCE OF REPORTER AT TRIAL.—If a party to an action expects to take his appeal under the alternative method provided by section 953a of the Code of Civil Procedure, and have his record prepared according to the procedure affecting that method, then he must see to it that the official phonographic reporter is present at the trial in order that a transcript of the evidence and proceedings may be furnished by the one officer whose duty it is to prepare it.

ID.—CERTIFICATION OF TRANSCRIPT BY JUDGE—MANDAMUS TO COMPEL.— Where there was no phonographic reporter present at the trial, and the cause was tried on a stipulated statement of fact, *mandamus* does not lie to compel the judge to certify to the correctness of the

transcript on an appeal under the alternative method provided by section 953a of the Code of Civil Procedure, which transcript has been prepared by the clerk.

PETITION for Writ of Mandate to require a Judge of the Superior Court of Los Angeles County to certify a transcript on appeal.

The facts are stated in the opinion of the court.

Works & Jordan, and Eugene D. Williams, for Petitioner.

Hartley Shaw, for Respondent.

JAMES, J.—Petition for a mandate to require the judge of the superior court to certify to the correctness of a certain transcript of proceedings had in an action in which this petitioner was defendant and one George M. Bush plaintiff. It appears from the petition that in the action of Bush *v.* Allen tried in the superior court, judgment was rendered against the defendant, this petitioner; that petitioner, desiring to appeal from that judgment, proceeded under what is termed the alternative method, the procedure for which is prescribed in section 953a of the Code of Civil Procedure. The petition further shows that there was no phonographic reporter present at the trial of the action referred to, and it is then alleged: "But that said cause was tried upon a stipulated statement of fact; that all of the testimony offered or taken, evidence offered or received, and all rulings, instructions, acts or statements of the court, also all objections or exceptions of counsel, and all matters to which the same relate were contained in certain papers, instruments and documents filed with the clerk of said court." It is then set forth that petitioner, after giving a notice to the clerk of the trial court stating that she intended to appeal and requesting a transcript of the testimony and proceedings to be made up, secured such transcript, which was prepared by the clerk, and that the trial judge refused to certify the same for the reason that no phonographic reporter had been present at the trial, and that the transcript presented to him was not such a transcript as under the requirements of section 953a, above cited, the judge was required to attest as to its correctness. A demurrer was filed

to this petition and also an answer. The matter was submitted upon the argument made as to the issue of law raised by the demurrer.

By section 953a of the Code of Civil Procedure a method is provided whereby the record on appeal may be made up. This method is one which the parties may take advantage of in lieu of preparing a bill of exceptions in the usual way which would include service of the original draft upon the opposing party in the action and the preparation of amendments by such opposing party and the final submission of the bill with amendments to the judge for settlement. Section 953a provides that, after the notice is given to the clerk of the intention of a party to appeal and requesting a transcript of the testimony and record of the proceedings to be made up and prepared, it shall then be the duty of the court "to require the stenographic reporter thereof to transcribe fully and completely the phonographic report of the trial. The stenographic reporter shall, . . . prepare a transcript of the phonographic report of the trial including therein copies of all writings offered or received in evidence and all other matters and things required by the notice above referred to to be therein contained, and shall file the same with the clerk of said court. Upon the same being filed, it shall be the duty of the clerk forthwith to give the attorneys appearing in said cause notice that said transcript has been filed, and that within five days after the receipt of said notice the same will be presented to the judge for approval. At the time specified in the notice of the clerk to the attorneys said transcript shall be presented to the judge for his approval, and the judge shall examine the same and see that the same is a full, true and fair transcript of the proceedings had at the trial, the testimony offered or taken, evidence offered or received, instructions, acts or statements of the court, also all objections and exceptions of counsel and matters to which the same relate. The judge shall thereupon certify to the truth and correctness of said transcript and the same shall, when so settled and allowed, be and become a portion of the judgment-roll and may be considered on appeal in lieu of the bill of exceptions now provided for by law." The petition in this case discloses that the transcript presented to the judge, and to the correctness of which it was demanded that he certify, was not a

transcript prepared by the official stenographic reporter as is prescribed in those portions of the section from which the above quotation is made. The fact that the evidence upon which the cause was submitted was supplied by a stipulation or agreement does not present a case where the services of the official reporter may be dispensed with and a transcript required to be furnished by such official be made up by the clerk or some other person. Whether the trial was of long or short duration, and whether there was much oral testimony or little, can work no difference in the requirement which imposes upon the trial judge the duty of settling the statement provided for by section 953a. If a party to an action expects to take his appeal under the alternative method and have his record prepared according to the procedure affecting that method, then he must see to it that the official phonographic reporter is present at the trial in order that a transcript of the evidence and proceedings may be furnished by the one officer whose duty it is to prepare it. To give to the provisions of the section referred to the construction contended for by petitioner, would permit a record of the trial and proceedings · in any cause to be made up by any person and the trial judge would be required to examine such statement and be put to the labor of making it correctly represent the record of the trial and proceedings thereof. Obviously such effect was never intended to be given to those provisions of the law. There need never be a case where a party, by reason of the absence of the official reporter, is unable to make up a record to be used on an appeal, for the old method, providing for the preparation and settlement of bills of exception and statements on motion for a new trial, is always available for the purpose mentioned. Where the official reporter prepares the transcript under the alternative method, no amendments are provided to be offered by the opposing party, but there is submitted to the trial judge a transcript made up by an officer of the court whose business it is, when so required at the trial, to make a record of all the evidence and proceedings. Because of the fact that the official reporter does furnish this transcript no doubt is due the omission in the statute to provide for service of a copy of the statement upon the adverse party and the submission of proposed amendments by such adverse

party, as is the requirement where a bill of exceptions or statement is prepared under the old method.

As the act demanded of respondent was one which, for the reasons stated, under the allegations made in the petition herein, he was not required to perform, the demurrer to the petition should be sustained, and it is so ordered.

Allen, P. J., and Shaw, J., concurred.