[L. A. No. 3515.    Department Two.—February 10, 1916.]

GEORGE M. BUSH, Respondent, v. NELLIE G. ALLEN, Appellant.

APPEAL — ALTERNATIVE METHOD — TRANSCRIPT OF TESTIMONY MUST BE MADE BY STENOGRAPHIC REPORTER—CERTIFICATION BY JUDGE.—On an appeal taken by the alternative method provided by section 941a of the Code of Civil Procedure, the trial judge is not authorized to certify to a transcript of the testimony and proceedings had on the trial, unless the same has been prepared by the official stenographic reporter present at the trial, as required by section 953a of that code.

ID. — CERTIFICATION BY CLERK INSUFFICIENT. — On an appeal from a judgment taken by the alternative method a transcript of the testimony certified to by the clerk alone cannot be considered.

APPEAL from a judgment of the Superior Court of Los Angeles County. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

Works & Jordan, and Eugene D. Williams, for Appellant.

Shaw & Stewart, for Respondent.

HENSHAW, J.—Plaintiff brought his action to quiet title. Defendant answered and cross-complained, asserting title in herself. The court found the allegations of the complaint to be true and the allegations of the answer to be untrue, and gave its decree quieting title in favor of plaintiff. From that judgment defendant gave notice of appeal, and attempted to appeal pursuant to the provisions of section 941a et seq. of the Code of Civil Procedure. The clerk prepared the transcript, consisting of the judgment-roll, stipulations of facts, and certain exhibits. There was no certificate of the judge, as contemplated and required by section 953a of the Code of Civil Procedure. Upon appellant's attention being called to this fact in the brief of respondent on appeal, appellant sought and obtained an order of this court authorizing the trial judge to affix his certificate to the transcript in so far as he found it correct. Upon application to the trial judge so to affix his certificate objection was made by respondent,

upon the ground that there was no phonographic report of the trial, and that the judge's certificate is properly affixed only when there is a phonographic reporter present at the trial and that phonographic reporter has prepared his transcript of the evidence and proceedings in accordance with law. Such is the settled law upon this matter of procedure. (*Totten* v. *Barlow*, 165 Cal. 378, [132 Pac. 749].) The judge thereupon refused to affix his certificate, basing his refusal upon the ground indicated. Thereupon an application for mandate was made to the court of appeals to compel him so to do. The matter was there heard on demurrer to plaintiff's petition, setting up the foregoing facts. The court of appeals held that "If a party to an action expects to take his appeal under the alternative method and have his record prepared according to the procedure affecting that method, then he must see to it that the official phonographic reporter is present at the trial, in order that a transcript of the evidence and proceedings may be furnished by the one officer whose duty it is to prepare it." The application for mandate was denied. (*Allen* v. *Conrey*, 22 Cal. App. 409, [134 Pac. 730].)

Under the law of the case thus made we have before us a transcript under the clerk's certificate alone and are empowered to consider only the judgment-roll. No error appears upon the face of the judgment-roll. Indeed it is not contended that there is any such error, and the judgment appealed from is therefore affirmed.

Melvin, J., and Lorigan, J., concurred.