[Civ. No. 1664. Third Appellate District.—July 7, 1917.]

EARLE R. CLEMENS, Respondent, v. WELLINGTON GREGG, Jr., as Trustee, Appellant; KEANE WONDER MINING COMPANY (a Corporation), et al., Respondents.

APPEAL — ALTERNATIVE METHOD — PREPARATION OF TRANSCRIPT FROM MINUTES OF JUDGE—INSUFFICIENT RECORD.—In the case of an appeal taken under the alternative method, the record must contain a transcript of the evidence and proceedings prepared by the phonographic reporter, and a transcript prepared by the judge from his own minutes and certified to by him is not sufficient.

ID. — DEFECTIVE RECORD — INSUFFICIENT BILL OF EXCEPTIONS.—In the case of an appeal taken under the alternative method, a transcript prepared by the judge from his own minutes cannot be regarded as a bill of exceptions prepared under the old method and defective merely in that it is not printed, although the judge certified to its correctness.

ID.—PROCEDURE—MOTION TO AFFIRM JUDGMENT.—An appeal will not be dismissed because of a defective record, as the court is vested with jurisdiction of the appeal by the notice given by the appellant to the clerk of the trial court, and the procedure is to move for an affirmance of the judgment for lack of a record.

ID. — DECREE FORECLOSING TRUST DEED — INCONSISTENT TERMS AS TO PAYMENT OF TRUSTEE'S FEES — POWER OF CORRECTION.—Where a decree foreclosing a trust deed, entered pursuant to stipulation of the parties, provides for the payment of the fees of the trustee and his attorney both from a special fund and on terms inconsistent therewith, the court may correct the decree by striking out the repugnant provisions, although more than six months had elapsed since the judgment was entered.

APPEAL from an order of the Superior Court of Inyo County modifying an order of sale. William D. Dehy, Judge.

The facts are stated in the opinion of the court.

Morrison, Dunne & Brobeck, and Edward Lynch, for Appellant Wellington Gregg, as Trustee.

C. O. Whittemore, Frank J. Solinsky, Mack & Green, and John B. Clayberg, for Respondents.

BURNETT, J.—This is an appeal by Wellington Gregg, Jr., as trustee, from an order of the superior court of Inyo County, made and entered on December 23, 1914, which modified a decree made and entered on January 26, 1914, ordering the sale of certain mining property under the terms of a deed of trust executed by the defendant, Keane Wonder Mining Company.

Before proceeding to consider the merits of the controversy, we deem it the more orderly first to dispose of a motion made by the respondents other than the Keane Wonder Mining Company to dismiss the appeal.

The record before us is entitled: "Clerk's and Judge's Transcript." It contains copies of certain documents, re-

quested by appellant to be inserted in the "clerk's transcript," certified as correct by the clerk in the usual form. The next following page is entitled: "Judge's Certificate to Transcripts on Appeal," and contains a certificate by Honorable Wm. D. Dehy, judge of said superior court, who presided at the proceedings, that the documents included in the clerk's transcript are correct copies, and then proceeds: "I further certify that on December 23, 1914, the following proceedings took place in said cause:" Here follows a statement that certain documentary evidence, describing it, was received in evidence and that one witness testified, giving a synopsis of his testimony. The certificate concludes with the statement: "I further certify that said transcripts and this certificate were prepared under the provisions of sections 953a, 953b, and 953c of the Code of Civil Procedure, and that said transcripts were duly presented to me for approval within the time allowed by law and under the provisions of said sections," etc.

It appears from an affidavit of Judge Dehy that "there was present no stenographer or any person acting in his behalf in the taking of stenographic or other notes of the proceedings or the evidence offered and received; . . . that no transcript of the phonographic report of the hearing of said petition above referred to, including therein copies of all or any writings offered or received in evidence at said hearing, or of any matter or thing, was ever prepared or filed with the clerk of said superior court of Inyo County, but that a transcript of the testimony admitted on said hearing was prepared from the notes of this affiant; . . . that the certificate to the truth and correctness of said transcript was made by this affiant, as such judge, upon the transcript prepared as above stated, and not otherwise."

The motion to dismiss the appeal is made upon the following grounds: "1. That no printed transcript on appeal has ever been filed. 2. That the record or transcript contains no proper or legal certification of the evidence taken, or of papers introduced on the hearing of the proceeding, which culminated in the order appealed from. 3. That no official or other stenographer was present at such hearing. 4. That no transcript of the notes of an official or other stenographer taken upon said hearing was ever prepared as required by the statutes of the state of California, and particularly sec-

tion 953a of the Code of Civil Procedure.  5. That no legal statement was ever settled by the judge of the superior court of Inyo County, state of California, under the provisions of section 953a of the Code of Civil Procedure.''

Among the reasons suggested by appellant for which the motion to dismiss should be denied is the unreasonable delay of respondents in making the motion.  The notice of appeal herein was filed on January 4, 1915; the transcript on appeal was filed in the supreme court (to which the appeal was originally taken) on February 27, 1915.  The notice of motion to dismiss the appeal was filed in this court on May 9, 1917.

Section 953a of the Code of Civil Procedure, under which the appeal was taken, provides that a person desiring to perfect an appeal by the method therein provided for shall file a request with the clerk that a transcript of the testimony taken at the hearing, all rulings, acts, or statements of the court, all objections or exceptions of counsel, and all matters to which the same relate, be made up and prepared.  Appellant attempted to comply with this requirement.  But having been advised that the proceedings were not taken by a stenographer, appellant specified in his notice that the transcript should contain a copy of the minutes of the court with particular reference to the portion of the order which recites: ''Counsel for the petitioners introduced oral and documentary evidence in support of said petition'' with a statement ''of the substance of said oral and documentary evidence, giving the names of the witnesses and specifying the documents used and introduced; and that said copy of, or statement of, the minutes of the court shall include copies of said documents relevant to the appeal herein, which copy of the minutes of the court, or statement of the minutes of the court, shall be certified by the judge of the superior court as provided by section 953a of the Code of Civil Procedure to the effect that 'The judge shall thereupon certify to the truth and correctness of said transcript.' ''  It is clear enough from the language of said section that the statement is to be prepared by the stenographer and not by the judge.  The purpose is to have a literal and exact record of the proceedings. There is no provision therein for the settlement of a statement prepared by the judge from his own minutes.  In order to avoid the printing of the record appellant may avail him-

self of said alternative method but that his effort may be effective he must comply with its terms.

In *Harpold* v. *Slocum,* 168 Cal. 364, 367, [143 Pac. 609], it is said: "The appellant did not follow section 953a, and therefore he must print the transcript and serve and file copies thereof in the manner provided by those rules."

In *Allen* v. *Conrey,* 22 Cal. App. 409, [134 Pac. 730], the court of appeal for the second district declared: "If a party to an action expects to take his appeal under the alternative method and have his record prepared according to the procedure affecting that method, then he must see to it that the official phonographic reporter is present at the trial in order that a transcript of the evidence and proceedings may be furnished by the one officer whose duty it is to prepare it."

In *Bush* v. *Allen,* 172 Cal. 102, [155 Pac. 456], upon an appeal under the alternative method, an application was made to the trial judge to affix his certificate to the transcript and an objection was made by respondent upon the ground that there was no phonographic report of the trial, and that the judge's certificate is properly affixed only when there is a phonographic reporter present at the trial and that phonographic reporter has prepared his transcript of the evidence and proceedings in accordance with law. The supreme court said: "Such is the settled law upon this matter of procedure (*Totten* v. *Barlow,* 165 Cal. 378, [132 Pac. 749])," and the court approved the ruling of the court of appeal in the collateral proceeding in the same case (22 Cal. App. 409, [134 Pac. 730]), an application having been made thereto for a writ of mandate. It was further stated: "Under the law of the case thus made we have before us a transcript under the clerk's certificate alone and are empowered to consider only the judgment-roll." Therein was an appeal from the judgment, and hence there was a separate record made by the clerk of the court constituting the judgment-roll which seems to have been duly authenticated, but there is no such consideration here in the appeal from the order made after judgment, since there is no separate and distinct judgment-roll. The transcript settled as provided by said section 953a constitutes the only record of the proceedings in the court below. In other words, the only record cognizable in this appeal is the said typewritten transcript purporting to have been prepared and settled according to said statute, but which, as we

have seen, falls short of the requirement. Under the authorities we think it must be plain, therefore, that the record, considered as a substitute for or in lieu of a bill of exceptions or statement of the case, is fatally defective and must fail of its purpose.

In the closing brief of appellant, however, we find this claim: "Moreover, the lower court held in this case that the transcript signed by him constitutes 'a full, true, and fair record' of the proceedings taken before him. That is all that the ordinary bill of exceptions amounts to. Accordingly, the transcript involved may be regarded as a bill of exceptions prepared under the old method and defective merely in that it is not printed. (*Lang* v. *Lilley & Thurston Co.*, 161 Cal. 295, [119 Pac. 100].) Certainly a failure to comply with the court rule requiring it to be printed can be waived, and was waived by the court in allowing the case to be brought on for argument without ever questioning the sufficiency of the record. Though the transcript does not show that it was served upon respondents, and time for proposed amendments allowed, it will be presumed that this was done in the absence of a showing to the contrary." The presumption would be, probably, as stated by appellant if there were room for it, but it would be flying in the face of the record to hold that the transcript constitutes a "bill of exceptions" as contemplated by section 650 of the Code of Civil Procedure. In the notice of the appeal and request for the preparation of the transcript it is recited by appellant that "Said transcripts to be prepared as required by the laws of the state of California and particularly as provided by section 953a, 953b, and 953c of the Code of Civil Procedure of the state of California."

It is also certified by the trial judge "that said transcripts and this certificate were prepared under the provisions of sections 953a, 953b, and 953c of the Code of Civil Procedure, and that said transcripts were duly presented to me for approval within the time allowed by law and under the provisions of said sections, and that due notice was given by the clerk of said court to the attorneys appearing in said cause, that said transcripts had been filed and would be duly presented to me for approval, and that at the expiration of the time set in said notice I have hereto affixed my signature." The foregoing leaves no room for presumption. It clearly appears that the proceedings were taken under said sections

of the code and that appellant sought to avail himself of what is known as the alternative method. To hold that this record may be considered a bill of exceptions would be to disregard utterly the distinction made by the code and to violate the established rule of appellate practice.

Appellant finds much comfort in the contention that respondent should not prevail by reason of the great delay in presenting his motion, more than two years having expired since the appeal was taken.

In *Dietrich* v. *Lincoln & N. W. R. Co.,* 13 Neb. 500, [14 N. W. 528], in considering a motion to quash a bill of exceptions for defects in its execution, the supreme court of Nebraska said: "Objections to a bill of exceptions must be filed before the case is submitted and should be at the earliest opportunity. Such objections are not favored and usually are merely technical; and he who objects on merely technical grounds must himself be free from fault. Besides, it is but justice to the adverse party that the objections should be made at the earliest opportunity, so that if it is apparent that they are well taken and the case depends on the bill of exceptions, no further expense will be incurred in continuing the prosecution."

In *McDermott* v. *Hacker,* 109 Iowa, 239, [80 N. W. 338], a similar ruling was made by the supreme court of Iowa on a motion to dismiss the appeal on the ground that the transcript was not filed within the time required by the Code of Rules and Practice. Other analogous cases, which appellant cites, are: *Walker* v. *Hill,* 111 Ind. 223, [12 N. E. 387]; *Jones* v. *Henderson,* 149 Ind. 458, [49 N. E. 443]; *Garr, Scott & Co.* v. *Nelson,* 166 Mo. App. 51, [148 S. W. 417].

The delay here is as reprehensible as in any of said cases, and, if a proper case for it, the doctrine of laches should be applied. As we have seen, the transcript was filed in the supreme court in February, 1915, and appellant's opening brief was filed in April following. The brief of respondent was filed in June and the final brief of appellant in July, 1915. The case was transferred to this court in March, 1917, and set down for oral argument for April 10th. It was continued by consent to April 12th and on that day an order was made allowing respondent fifteen days to file another brief and appellant ten days to reply, the cause then to stand submitted. Respondents, however, failed to file their brief and, on May

9th, for the first time, they made the motion to dismiss the appeal.

It is not necessary, though, to determine the question whether the motion to dismiss should be denied by reason of such delay, as it is apparent that no sufficient reason has been shown for a dismissal. Notwithstanding said infirmity in the transcript the court has jurisdiction of the appeal. The notice given by appellant to the clerk under the new system vests the higher court with authority to consider the cause. (*Hibernia Sav. etc. Soc.* v. *Doran,* 161 Cal. 118, [118 Pac. 526].) The consequence of the defective authentication of the record in the present case may be substantially the same as though a dismissal were had but respondents' motion should be denied. As suggested in the Hibernia case, *supra,* the proper motion would be for an order to affirm the judgment for lack of a record and not to dismiss the appeal. "This may sound extremely technical," as said by the late Chief Justice Beatty, in *Dennis* v. *Bint,* 122 Cal. 39, 49, [68 Am. St. Rep. 17, 54 Pac. 378], "but such is the nature of the case." Respondents' contention is somewhat technical, and it is not improper to meet it with a technicality.

But, as before stated, this concession can be of no real service to appellant. It would seem that we have no legally authenticated record to enable us to review the action of the court. Rule 29 of the supreme court [160 Cal. lvi, 119 Pac. XIV] provides: "In all cases of appeal from the orders of the superior courts, the papers and evidence used or taken on the hearing of the motion must be authenticated by incorporating the same in a bill of exceptions, except where another mode of authentication is provided by law." We have before us no bill of exceptions and the other "mode of authentication" has not been pursued. The situation is, therefore, like that described in *Hibernia Sav. etc. Soc.* v. *Doran,* 161 Cal. 118, [118 Pac. 526], as follows: "Appellants, therefore, having pursued neither method to perfect his appeal, it results that that appeal stands here upon a record making it impossible for the court to review the order appealed from."

But assuming that the record before us may be consulted, what conclusion naturally and legally follows? The application upon which the order complained of was based prayed for a construction of said decree and particularly that it be determined whether the provision of said decree, "To pay

Wellington Gregg, Jr., as trustee, provided at that time the said Wellington Gregg, Jr., as trustee, has not been paid the one thousand dollars ($1,000.00) hereby declared to be owing to him by the Keane Wonder Mining Company under and by virtue of the terms of the stipulations hereinabove recited, or any balance of said one thousand dollars ($1,000.00) which may be then due and unpaid" be not "inoperative and void and of no force and effect under the terms of the stipulations upon which the decree was based and the form of final decree attached to said stipulation and agreed to by the parties." Furthermore, the prayer was that if the court should hold said provision to be inoperative and void, the decree be amended by striking out from the same said clause.

There can be no doubt that said provision was utterly at variance with the stipulation of the parties and the agreed form of the decree, and therefore the order of the court striking out said provision was altogether just, even though the action of the court cannot be sustained by the technical rules of law. That it was so inconsistent appears from this clause of the stipulation: "That said decree shall find that there is due to Wellington Gregg, Jr., as trustee under the deed of trust, the sum of five hundred dollars as his fees and compensation as trustee, and the further sum of five hundred dollars as and for his attorney's fees, which by the terms of said decree it shall be provided shall be paid out of the first net monthly proceeds of the mines of the Keane Wonder Mining Company next accruing. That it shall also be found, decided and determined in and by said decree that said deed of trust is a valid and enforceable obligation against the said Keane Wonder Mining Company, and that the said A. L. Meyerstein, as receiver of the Francis-Mohawk Mining and Leasing Company, and the said Benjamin H. Tatem have and are given a first lien upon all of the property of the Keane Wonder Mining Company which is described in said deed of trust, for the payment of all the moneys decreed to be due upon any and all of said notes, as above provided." It may be said, also, that the agreed form of decree corresponded with the stipulation.

It is thus to be seen that, by stipulation of the parties, appellant's claim was to be satisfied out of a special fund, and the property covered by the trust deed was to be impressed with a lien exclusively for the benefit of Meyerstein as re-

ceiver and of Tatem, and that the modification of the decree made by the court would operate to give effect to their stipulation.

Moreover, notwithstanding the objections to the court's order made by appellant, we think the correction could be legally made, although more than six months had elapsed since the decree was signed.

There was an inconsistency in the terms of the final decree, one part providing for the payment of appellant as agreed upon, and the other giving an additional remedy not contemplated by the stipulation of the parties. While it is hardly a case of clerical misprision, nor does it seem to fall strictly within the category of the cases cited, we think there is such repugnance between the two said provisions as to justify the court in considering the stipulation to determine whether the provision in controversy did not constitute redundancy, the result of inadvertence, and should be disregarded. Otherwise, in consequence of conflicting provisions, a decree might be unintelligible and unenforceable and the court powerless to correct the manifest infirmity. We do not see why the case should not be regarded as similar to the instances of doubt, obscurity, and ambiguity referred to in *Atlantic, Gulf & Pacific Co.* v. *Wright,* 11 Cal. App. 179, [104 Pac. 160] ; *Clay* v. *Hildebrand,* 34 Kan. 694, [9 Pac. 466], and *Walker's Exr.* v. *Page,* 21 Gratt. (Va.) 636.

In the first of these the rule, as gathered from the authorities, is stated as follows: "In case of ambiguity, a judgment should be construed with reference to the pleadings, and when it admits of two constructions, the one will be adopted which is consonant with the judgment which should have been rendered on the facts and the law of the case."

The other two cases are to the same effect, the first referring to an obscure judgment and the other to an instance of doubtful signification.

The only serious question, we think, is whether respondents should not have resorted to a suit in equity to correct the mistake. That such course could have been successfully pursued admits of no doubt in view of the clear exposition of the subject in *Bacon* v. *Bacon,* 150 Cal. 477, [89 Pac. 317]. However, we are of the opinion that the error was of such character that it could be corrected on motion, and if we are right in this conclusion there can be no question, of course,

that reference may be had to the stipulation of the parties. (*Thayer* v. *McGee,* 20 Mich. 195.) It must be true, also, that the only way to make the decree consonant with said stipulation and form of decree agreed upon is either to treat said provision as of no force and effect or, what is in effect the same thing, to strike it out.

We think the order should be affirmed, and it is so ordered.

Chipman, P. J., and Hart, J., concurred.