[Civ. No. 3174. Second Appellate District, Division Two.—March 18, 1920.]

## WILLIAM KOEBERLE, Respondent, v. KATHRYN COIT, Appellant.

[1] APPEAL—ALTERNATIVE METHOD—BILL OF EXCEPTIONS NOT AUTHORIZED.—Sections 953a, 953b, and 953c of the Code of Civil Procedure, providing for an appeal upon the typewritten transcript, make no provision for presenting the evidence by a bill of exceptions. It is only where the proceedings on the trial have been reported and can be produced in full by a reporter's transcript that an appeal upon the typewritten transcript can be resorted to.

[2] EXECUTION—THREAT TO TAKE PROPERTY NOT EXEMPT—GIVING OF NOTE AND MORTGAGE TO PREVENT—VALIDITY OF.—There is nothing unlawful in threatening to take on execution property of a defendant not exempt from execution; and a note and mortgage given to avoid a lawful levy and any annoyance or humiliation attending such enforcement of collection is valid and enforceable.

APPEAL from a judgment of the Superior Court of Los Angeles County. John W. Shenk, Judge. Affirmed.

The facts are stated in the opinion of the court.

Charles Thompson and Joseph H. Creighton for Appellant.

Horace S. Wilson for Respondent.

SLOANE, J.—This action was brought upon a promissory note and chattel mortgage securing the same. The note and security had been given in satisfaction of a judgment against defendant on a store account. The defense was that the note and mortgage had been obtained by duress and menace, by means of a threat to levy execution under the former judgment upon defendant's exempt household furniture, and to set the same out in the street in front of defendant's home so that the neighbors would see that defendant's household goods were being taken under process of law. The trial court found against defendant's contention, and gave judgment for plaintiff on the note and mortgage, from which judgment defendant has appealed. The ground relied on for a reversal is insufficiency of the evidence to sustain the findings and judgment.

The record is brought up on what purports to be a typewritten transcript under the alternative method of appeal, and consists of the judgment-roll and what is denominated a "bill of exceptions," and comprises a list of exceptions and objections to the jurisdiction of the court, to the sufficiency of the evidence to support the findings, and a brief synopsis of the evidence, in narrative form, followed by a certificate of the trial judge that "because the foregoing evidence does not appear of record, I, the undersigned, the Judge who tried the said action, have, on due notice, settled this bill of exceptions, to the end and for the purpose that the same may be made a part of the record herein." **[1]** Sections 953a, 953b, and 953c of the Code of Civil Procedure, providing for an appeal upon the typewritten transcript, make no provision for presenting the evidence by a bill of exceptions. It is only where the proceedings on the trial have been reported and can be produced in full by a reporter's transcript that this form of appeal can be resorted to. (*Clemens* v. *Gregg,* 34 Cal. App. 272, [167 Pac. 299]; *Harpold* v. *Slocum,* 168 Cal. 364, [143 Pac. 609]; *Bush* v. *Allen,* 172 Cal. 102, [155 Pac. 456]; *Allen* v. *Conrey,* 22 Cal.

App. 409, [134 Pac. 730].) Respondent has, however, interposed no objection to the sufficiency of the transcript. To what extent, if at all, this may constitute a waiver of the defects pointed out we will not stop to consider, since we are satisfied that the evidence as presented does not show such a failure of proof with respect to any of the material findings as to justify a reversal.

The only material issue of fact in controversy is whether plaintiff procured the execution of this note and chattel mortgage by fraud, duress, or menace.

Defendant, in her testimony, avers that plaintiff and an associate representing himself as a constable appeared at her home demanding payment of the amount due on the original judgment against defendant, and, upon her expressing her inability to pay at that time, threatened then and there to take her household goods on an execution unless she gave a note and chattel mortgage for the amount due and owing, stating that in case of her refusal they would set the goods out on the street where her neighbors would be informed that defendant's goods were being seized for debt; and that to prevent such levy she consented to execute the securities demanded. Plaintiff and his witness, the constable, testified that they went to defendant's home with an execution, demanded payment of the judgment, and, on defendant's failure to pay, were about to levy upon some pictures that were in defendant's house, but offered to give defendant further time if she would give a note for the amount, secured by mortgage upon certain articles of furniture, which defendant claimed to be her separate property; that defendant consented; and that it was under this state of facts that the note and mortgage were given.

There is no evidence in the record offered that the pictures referred to were "hanging pictures," "oil paintings or drawings painted or drawn by any member of the family," or "family portraits," or otherwise exempt from execution under section 690 of the Code of Civil Procedure. The court seems to have accepted plaintiff's version of the transaction. [2] There was nothing unlawful in threatening to take on execution any property of defendant not exempt from execution. And if the note and mortgage were given to avoid a lawful levy, and any annoyance or humili-

ation attending such enforcement of collection of a valid debt, the defense offered in this case cannot be maintained.

We cannot say that the court was not justified in accepting the plaintiff's evidence.

The judgment is affirmed.

Finlayson, P. J., and Thomas, J., concurred.