[Civ. No. 3039. Third Appellate District.—December 15, 1925.]

ELLIS W. JONES, Sheriff, etc., Petitioner, v. CHARLES O. BUSICK, Judge of the Superior Court, etc., Respondent.

[1] APPEAL—ALTERNATIVE METHOD—TRANSCRIPT—ABSENCE OF STENO-GRAPHIC REPORTER—CERTIFICATION BY TRIAL JUDGE.—The shorthand reporter is the only one designated by law to make up a transcript on appeal taken by the alternative method as provided for by section 953a of the Code of Civil Procedure; and the trial court is not authorized to certify to the correctness of such transcript where, by reason of the absence of the stenographic reporter during the partial hearing on a petition for a writ of mandate, the reporter's notes are not complete.

(1) 4 C. J., p. 445, n. 65.

APPLICATION for Writ of Mandate to compel certification of stenographic reporter's transcript on appeal. Writ denied.

The facts are stated in the opinion of the court.

Ralph H. Lewis and Berkeley B. Blake for Petitioner.

Thomas B. Leeper for Respondent.

PLUMMER, J.—This is an application by the petitioner Ellis W. Jones for a writ of mandate requiring the respondent, as Judge of the Superior Court of the County of Sacramento, to certify a reporter's transcript of the proceedings had in a certain cause entitled *Catherine M. Johnston* v. *Ellis W. Jones,* tried before the respondent as a Judge of the Superior Court of said Sacramento County.

The record before us shows that in a certain *mandamus* proceeding, wherein Catherine M. Johnston was the petitioner and Ellis W. Jones the respondent, a writ of mandate was issued by the respondent in this action, Honorable Chas. O. Busick, as Judge of the Superior Court of Sacramento County, commanding the said Ellis W. Jones, as Sheriff of

1. See 2 Cal. Jur. 623.

the County of Sacramento, to release certain property from the levy of an attachment theretofore levied upon by the said Sheriff under attachment proceedings taken and had in the Superior Court of Sacramento County. After the granting of the writ of mandate herein first referred to the respondent in that action and the petitioner in this gave notice of an appeal under the alternative method provided for by section 953a of the Code of Civil Procedure. The clerk prepared the papers constituting the judgment-roll and the shorthand reporter transcribed the phonographic notes taken by him during the course of the trial. Upon presentation of the reporter's notes, as typewritten, the respondent declined to certify to the correctness of the same on the ground that they were not complete, that a portion of the trial of this cause was had in the absence of a phonographic reporter and that in such cases section 953a did not apply, and the only method by which a record could be made up, and alleged errors, if any, presented on appeal was by a bill of exceptions.

The record as presented to us by the petition and affidavits submitted upon this application shows that on the twenty-second day of August, 1925, a partial hearing was had on the petition for a writ of mandate filed for the purpose of requiring the sheriff to release certain attached property. The affidavits are to the effect that the verified petition was offered in evidence, that certain oral stipulations were entered into in open court in relation thereto and that these stipulations were to some extent subsequently modified; that the cause was partially argued and then continued until the twenty-fourth day of August, 1925, with permission to the respondent to file an answer. Upon the twenty-fourth day of August, 1925, when the cause was called for hearing, the respondent filed both a demurrer and answer, and the trial was proceeded with until a final determination. No reporter was present on the twenty-second day of August, but a reporter was present and took stenographic notes of the partial trial had on the twenty-fourth day of August, 1925. The reporter's notes, as typewritten, included only that which took place on the said twenty-fourth day of August.

[1] It is contended on the part of the petitioner herein that nothing took place on the twenty-second day of August

which should have been set forth in the reporter's notes, that the petition for a writ of mandate in the case of *Johnston* v. *Jones* is a part of the clerk's record and does not need to be set forth in the reporter's notes, that the stipulations entered into and made in open court were not entered in the minutes kept by the clerk and that the subsequent hearing had on the twenty-fourth day of August constituted all there was of the trial. This position is controverted by the respondent. It is for this very reason and to avoid such controversies that when an appeal is taken by the alternative method the presence of a reporter is necessary to take stenographic notes of all the proceedings had in the cause. The third paragraph of section 953a expressly provides that the notes as typewritten, shall contain a "full, true and fair transcript of the proceedings had at the trial, the testimony offered or taken, evidence offered or received, instructions, acts or statements of the court, also all objections and exceptions of counsel and matters to which the same relate."

It has been frequently held that the shorthand reporter is the only one designated by law to make up such transcript, and where there is no reporter present to take down the proceedings, the trial judge is not authorized to certify to the correctness of the transcript. The following cases are decisive of this question: *Martin* v. *Pacific Gas & Elec. Co.*, 195 Cal. 544 [234 Pac. 321]; *Bush* v. *Allen*, 172 Cal. 102 [155 Pac. 456]; *Totten* v. *Barlow*, 165 Cal. 378 [132 Pac. 749]; *Allen* v. *Conrey*, 22 Cal. App. 409 [134 Pac. 730]; *Koeberle* v. *Coit*, 46 Cal. App. 641 [189 Pac. 727]. The case of *Pierce* v. *Works*, 171 Cal. 684 [154 Pac. 852], does not involve the question of any proceeding or trial had during the absence of a phonographic reporter and, therefore, is inapplicable to the case at bar.

Writ denied.

Hart, J., and Finch, P. J., concurred.