[Civ. No. 585. Fourth Appellate District.—September 30, 1931.]

SPECIALTY OIL TOOL COMPANY (a Corporation), Petitioner, v. THE HONORABLE H. G. AMES, as Judge of the Superior Court of Orange County, Respondent.

John J. Beck for Petitioner.

Leonard Evans for Respondent.

JENNINGS, J.—Petition for a writ of mandate to require respondent to certify to the correctness of a certain transcript of proceedings had in an action in which this petitioner was defendant and one Roy H. Moore was plaintiff. It appears from the petition that in the action of *Moore v. Specialty Oil Tool Co., a Corporation,* tried in the superior court, judgment was rendered against the defendant, this petitioner;

that petitioner, desiring to appeal from the judgment thus rendered, proceeded under the so-called alternative method, and in accordance with the provisions of section 953a of the Code of Civil Procedure filed with the court a notice of appeal from the judgment and a request for the preparation of the clerk's transcript; that thereafter petitioner duly filed the clerk's transcript and the reporter's transcript on appeal and presented the reporter's transcript to respondent for his approval; that respondent refused to certify the reporter's transcript for the reason that the testimony and proceedings in the cause up to the hour of 11 o'clock A. M. of the first day of trial were not included in the transcript, such testimony and proceedings having been reported by a court reporter who died shortly thereafter. It is further alleged in the petition that a *bona fide* effort to transcribe the notes of the deceased reporter was made by the reporter who reported the remainder of the proceedings and that the endeavor was made to secure other persons experienced in transcribing notes to make the transcription, but that such efforts proved unsuccessful. The allegation is made that the reporter's transcript presented for respondent's approval contains substantially all of the evidence submitted during the trial and that it contains everything necessary to a fair determination of the appeal and that petitioner is willing to accept the transcript and to prosecute its appeal on the record as submitted. It is made to appear that the proceedings reported by the deceased reporter consisted of opening statements of opposing counsel and the testimony of a witness produced for the purpose of identifying certain documents which were subsequently admitted in evidence under stipulation of counsel; that respondent has offered to stipulate that this statement of the proceedings reported by the deceased reporter may be included in the proffered transcript and has requested the successful plaintiff in the action to submit an amendment to the transcript in the event he considers the transcript submitted to be incomplete, but that plaintiff refuses to enter into the offered stipulation or to submit any amendment to the transcript.

The answer of respondent to the petition herein denies that the testimony and proceedings reported by the deceased reporter consisted merely of opening statements of opposing counsel and of the testimony of the single witness named

in the petition and alleges that the plaintiff in the action was sworn as a witness and testified prior to the hour of 11 o'clock A. M. of the first day of trial; that his testimony related to the making of the contract between himself and the petitioner, the terms of the contract, the performance by plaintiff of the contract, the amount paid to him and the balance claimed by him to be due and unpaid at the time of trial; that this testimony was reported by the deceased reporter and was not included in the transcript submitted and that for this reason the transcript presented for respondent's certification is not a full, true and fair transcript of the proceedings had or of the testimony introduced at the trial of the cause.

Under the provisions of section 953a of the Code of Civil Procedure the duty is imposed upon the trial judge to examine the reporter's transcript and to see that it is full, true and fair transcript of the proceedings had at the trial and of the testimony offered or taken. If he so finds it, he is required to certify to its truth and correctness. The petition herein discloses that the transcript presented to respondent for his certification was neither a full nor a true transcript of the testimony received during the trial. Respondent's answer to the petition makes it obvious that the transcript submitted is fatally defective in that it does not contain the testimony of a most important witness relating to the essential features of the subject matter of the action. Under these circumstances, respondent was under no compulsion to certify to the truth and correctness of the transcript. If this ruling appears to work a hardship on petitioner it is to be observed that the old method providing for the preparation and settlement of a bill of exceptions is always available for the purpose of preparing a record to be used on appeal. (*Allen* v. *Conrey,* 22 Cal. App. 409, 412 [134 Pac. 730].)

Writ denied.

Barnard, P. J., and Marks, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 21, 1931, and an application by petitioner to have the cause heard in the

Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 27, 1931.