[Civ. No. 8097. First Appellate District, Division Two.—April 21, 1932.]

ETHEL DAVIS, Appellant, v. G. ALIOTO, Respondent.

Alfred C. Skaife, C. Huntington Jacobs and Irene Bryan for Appellant.

Lasher B. Gallagher for Respondent.

NOURSE, P. J.—This is an appeal from an order terminating proceedings to obtain the reporter's transcript provided for by section 953a of the Code of Civil Procedure.

In an action for personal injuries verdict was rendered for defendant on June 17, 1926. Judgment was entered on the verdict on June 17, 1926. A notice of motion for new trial was given, but the motion was not pressed. Notice of appeal was given August 23, 1926, and on the same day plaintiff filed with the county clerk a notice to prepare the transcripts pursuant to section 953a of the Code of Civil Procedure. On March 5, 1930, the reporter

delivered to the county clerk a partial transcript of the proceedings. Thereupon defendant moved to terminate proceedings to obtain the transcript. The motion was granted after a full hearing at which evidence both documentary and oral was taken.

The appeal from this order presents the single question whether the trial court abused its discretion in terminating the proceedings. The code section requires the filing of the reporter's transcript within twenty days after the notice to prepare is filed. The time taken here was approximately three years and was not extended by stipulation or order of court. The lack of diligence is apparent and is not excused by appellant. The power of the court to terminate the proceedings under such circumstances is settled. (*Smith* v. *Jaccard,* 20 Cal. App. 280, 283 [128 Pac. 1023, 1026]; *Crocker* v. *Crocker,* 76 Cal. App. 606, 609, 610 [245 Pac. 438]; *Specialty Oil Tool Co.* v. *Ames,* 117 Cal. App. 283 [3 Pac. (2d) 977]; *Western Concrete Pipe Co.* v. *Grabovich et al.,* 118 Cal. App. 367 [5 Pac. (2d) 71].)

That the transcript presented to the trial judge for certification was incomplete is conceded. Appellant's remedy for this situation was a bill of exceptions (*Allen* v. *Conrey,* 22 Cal. App. 409, 412 [134 Pac. 730]). She took no steps for more than three years after the transcript was due. In resisting the motion to terminate the proceedings she did not show that she was able to present a complete transcript. For this reason the case is not similar to those where a motion to dismiss an appeal is made in an appellate court for failure to file a transcript within the prescribed time and the motion is denied because the transcript had been filed prior to the filing of the notice of motion. Here no transcript had been filed which the trial court could have certified to be a full, true and correct transcript of the proceedings, and, so far as appears from this record, such a transcript is not as yet on file.

We are satisfied that the trial court exercised proper discretion in granting the motion under the authorities cited.

The order is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 21, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 20, 1932.