[Civ. No. 3040. Third Appellate District.—March. 22, 1926.]

HENRY McOMIE, Respondent, v. THE BOARD OF DIRECTORS OF THE VETERANS' HOME OF CALIFORNIA et al., Appellants.

[1] Appeal—Alternative Method—Authentication of Record.—Even where there is no office for the phonographic reporter to perform at the hearing of a motion or other proceeding, and consequently there is no reporter present, nevertheless the appellant may proceed under the alternative method, and so prepare his record on appeal; but, to authorize a review by an appellate court of a record so made up, the same must be authenticated by the trial judge and not by the clerk of the court, whose function as to the records on appeal is limited to the authentication of the judgment-roll and the notice of appeal.

[2] Id.—Appeal from Order Denying Motion to Set Aside Default and Judgment—Absence of Certificate by Trial Judge—Dismissal.—An appeal taken under section 953a of the Code of Civil Procedure from an order denying a motion to set aside a default and the judgment entered thereon will be dismissed where there is no certificate of the trial judge authenticating the papers filed in support of the motion to set aside the default and judgment.

---

(1) 4 C. J., p. 209, n. 21, p. 210, n. 22.   (2) 4 C. J., p. 440, n. 24, 25, p. 443, n. 55, p. 446, n. 70.

MOTION to dismiss appeals from a judgment of the Superior Court of Napa County and from an order denying

---

1. See 2 Cal. Jur. 624, 632.
2. See 2 Cal. Jur. 623.

a motion to set aside default and judgment thereon.   Percy S. King, Judge.   Motion to dismiss appeal from an order denying motion to set aside default and judgment thereon granted; motion to dismiss appeal from judgment denied.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney-General, and Frank L. Guerena and R. L. Chamberlain, Deputies Attorney-General, for Appellants.

E. L. Webber for Respondent.

HART, J.—The plaintiff brought this action to recover the sum of $794.38 which the complaint alleges was held by the defendants in trust for one Henry McOmie, father of the plaintiff here, who, at the time said money was deposited with said defendants and at the time of his death, was an inmate of the Veterans' Home of California.   The complaint alleges that the said defendants, as by the law required, are holding said sum of money until the same shall be "claimed by any heirs at law of said Henry McOmie, deceased" and that the plaintiff herein "is the only person entitled to share in any estate of said Henry McOmie, deceased, and as such is entitled to all of the moneys now held by said defendants in trust for the heirs at law of said Henry McOmie, deceased."   The date of the filing of the complaint is not made to appear.   The summons, however, was served on the defendants on the ninth day of March, 1925, and on the nineteenth day of said month of March the defendants, through the attorney-general, interposed a general demurrer to the complaint.   On May 22, 1925, the court made an order overruling the demurrer and gave the defendants ten days from the date of said order within which to answer the complaint.   The defendants failed to file an answer within the time allowed by the court and on the ninth day of June, 1925, upon the application of the plaintiff, the default of the defendants was entered and judgment entered accordingly for the sum of $794.38, with interest thereon at the rate of seven per cent per annum from the date of the entry of said judgment.   On the twenty-second day of June, 1925, the defendants gave notice

of a motion to set aside said default and the judgment thereupon entered "upon the ground that the notice of overruling the demurrer of defendants was served by mail and that defendants' time to plead had not elapsed when said default was taken." The notice stated that it would be based "on this notice and the affidavit of R. L. Chamberlain and the records and files of the action." Certain affidavits were filed, setting forth the facts upon which the motion to set aside the default was founded and upon the hearing of said motion the court denied the same. Thereafter the attorney-general filed a notice of motion to set aside the order denying the motion to set aside the default and in said notice stated that the same would be supported by certain affidavits and the records of the case. Said motion was subsequently heard and denied. The defendants have taken an appeal from the order denying their motion to set aside the default and also from the judgment rendered and entered in said action upon said default.

The present proceeding is a motion to dismiss the appeal on the ground that there is no reviewable record before the court.

As to the appeal from the order denying the motion of defendants to set aside the default of the defendants and the judgment thereupon entered the point is well taken. The appeal from the order was attempted to be taken under section 953a of the Code of Civil Procedure. [1] It is now by our decisions settled that even where, as here, there "is no office for the reporter (phonographic) to perform at the hearing of a motion or other proceeding, and consequently there is no reporter present, nevertheless, the appellant may proceed under the alternative method," and so prepare his record on appeal. (*Lake* v. *Harris,* 198 Cal. 85 [243 Pac. 417]; *Pierce* v. *Works,* 171 Cal. 684 [154 Pac. 852].) But, to authorize a review by an appellate court of a record so made up, the same must be authenticated by the trial judge and not by the clerk of the court, whose function as to records on appeal is limited to the authentication of the judgment-roll and the notice of appeal. (Cases above cited, and, also, *Muzzy* v. *McEwen Lumber Co.,* 154 Cal. 685 [98 Pac. 1062].) [2] The transcript in the present case, aside from the judgment-roll, contains a notice of motion to set aside the default, an affidavit of a deputy attorney-

general filed in support of the motion, and the order deny-ing the motion, but there is no certificate of the trial judge authenticating these latter papers, etc., which were intended to constitute the record on the motion to set aside the default or (in other words) to the effect that the affidavit and other files, records, and papers, which the notice of the motion stated would be relied upon as in support of the motion were used on the hearing and consideration thereof. In fact, though a matter of no importance here, even the clerk has not certified to the authenticity of the record on the motion or that the affidavit and other papers relied upon to sup-port the motion were used at the hearing thereof. It fol-lows, of course, as has been before stated, and as counsel for respondent contends, that there is no record presented to us here on the motion to set aside the default which en-ables this court to review the action of the court in denying the motion. Therefore, the motion to dismiss the appeal from the order refusing to set aside the default and the judgment thereupon entered must be allowed. This leaves no reviewable matter before us but the judgment on the judgment-roll alone, the same being authenticated by the clerk of the court.

In conformity with the requirements of the situation as above disclosed, the motion to dismiss the appeal from the order denying the motion of defendants to set aside the default entered against defendants for their failure to answer the complaint within the time allowed by the court and the judgment thereupon entered is granted; and the motion to dismiss the appeal from the judgment is denied.

Plummer, J., and Finch, P. J., concurred.