[Civ. No. 3041.    Third Appellate District.—March 22, 1926.]

SUE CHITTEM et al., Respondents, v. THE BOARD OF DIRECTORS OF THE VETERANS' HOME OF CALIFORNIA et al., Appellants.

[1] APPEAL—ALTERNATIVE METHOD—DEFAULT—RECORD—ABSENCE OF CERTIFICATE BY TRIAL JUDGE—DISMISSAL.—An appeal attempted to be taken under the provisions of section 953a of the Code of Civil Procedure from an order denying a motion to set aside a default and judgment entered thereon is abortive, where there is no certificate of the trial judge authenticating the record upon the motion to open up the default and to set aside the judgment thereupon entered, or certifying that the papers, affidavit, etc., filed in support of the motion were used upon the hearing thereof.

(1) 4 C. J., p. 440, n. 25, p. 443, n. 55, p. 446, n. 70.

MOTION to dismiss appeals from a judgment of the Superior Court of Napa County and from an order denying a motion to set aside default and judgment thereon. Percy S. King, Judge. Motion to dismiss appeal from an order denying motion to set aside default and judgment thereon granted; motion to dismiss appeal from judgment denied.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney-General, and Frank L. Guerena and R. L. Chamberlain, Deputies Attorney-General, for Appellants.

E. L. Webber for Respondents.

HART, J.—The appeal is from an order denying a motion of defendants to set aside a default judgment and from the judgment. The plaintiffs have moved to dismiss the appeal.

The action is by a number of alleged heirs of one Sanford Search, who died on the thirteenth day of March, 1922, while an inmate of the State Veterans' Home, located in

1. See 2 Cal. Jur. 623.

Napa County, to recover the sum of $868.90, which, the complaint alleges, had been deposited by deceased, while such inmate, with the defendants, and which sum, so it is alleged, "said defendants are holding until the said sum is claimed by any heirs at law of said Sanford Search, deceased." The defendants interposed a general demurrer to the complaint, the same was overruled by the court and defendants granted ten days from the date of the order overruling the demurrer within which to file an answer. The defendants failed to file an answer within the time so allowed, and thereupon the plaintiffs applied for and took judgment by default. Subsequently, the defendants moved to set aside the default and the judgment thereupon entered, supporting the motion by the papers, records, and files in the case and the affidavit of a deputy attorney-general. The motion was denied. The defendants attempt to support the appeal from the order by a record purporting to be prepared under the provisions of section 953a of the Code of Civil Procedure. [1] The appeal from the order is abortive for the reason that there is no certificate of the trial judge authenticating the record upon the motion to open up the default and to set aside the judgment thereupon entered, or certifying that the papers, affidavit, etc., filed in support of the motion were used upon the hearing thereof. In brief, the situation here with respect to the record on appeal from the order is precisely the same as that with respect to the record on appeal from the order in *McOmie* v. *Board of Directors of Veterans' Home, ante,* p. 248 [246 Pac. 155], and upon the authority of that case and the cases therein cited, the appeal from the order must be dismissed.

The judgment-roll in the instant case is properly authenticated by the clerk of the court, hence the motion to dismiss the appeal from the judgment must be denied. Accordingly, the motion to dismiss the appeal from the order is granted and the motion to dismiss the appeal from the judgment is denied.

Plummer, J., and Finch, P. J., concurred.